REUBEN BARBEE et al. v. B. W. BARBEE et al.

*Deed—Evidence—Parol Testimony to Vary Recitals—Recital of Payment of Purchase-money—Partition—The Code, § 590— Interested Witness.*

1. The recital in a deed of the receipt of the consideration is not contractual in its character, and is only *prima facie* evidence of the payment of the purchase-money, which may be rebutted by parol testimony.

2. In proceedings for partition of real estate the plaintiffs proposed to show that in the division of certain lands of G., the heirs of whom were the parties to these proceedings, an agreement was made between him and them by which some were to pay others for equality of partition : *Held*, that G. being a witness and a party in interest, the testimony was incompetent.

This was a special proceeding for the partition of real estate between the heirs at law of one Gray Barbee, tried, upon appeal from the Clerk, before *MacRae, J.*, at October Term, 1890, of DURHAM Superior Court.

The questions presented for review related to certain alleged advancements made by the said Barbee to several heirs mentioned in the petition.

The facts are set out in the opinion.

*Messrs. J. Parker, R. B. Boone* and *W. A. Guthrie*, for plaintiffs.

*Messrs. J. W. Graham* and *F. L. Fuller*, for defendants.

SHEPHERD, J.: Although the record is very voluminous, containing the report of the referee, a very considerable amount of testimony and many exceptions, it seemed to be the understanding of counsel that, for the purposes of this appeal, but two questions were necessary to be argued by them, and decided by the Court.

1. The first question involves the correctness of his Honor's ruling that the recitals of the payment of the considerations set forth in the deeds executed by the said Barbee to several of his children were, in the absence of allegations and proof of mistake, fraud, etc., so far conclusive as to preclude the introduction of parol testimony to show the true character of the transactions, and thus rebut the presumption of a sale arising from such recitals. There was abundant testimony to sustain the findings of the referee that the conveyances were intended as advancements. Indeed, it was admitted

by the parties examined, that they had not, in fact, paid the considerations mentioned, and it also appears that Mr. Barbee had charged some of his children with the payment of certain amounts in favor of others for the purpose of equalizing the partial distribution of his property. There can really be no question that such was his intention, but it is earnestly insisted that parol testimony cannot be heard to show such intention until the conveyances are corrected in respect to the recitals above mentioned. In support of this position we are referred to the case of *Wilkinson* v. *Wilkinson*, 2 Dev. Eq., 376. There a father conveyed land to his son by a deed of bargain and sale, which recited the payment of several hundred dollars as purchase-money. The Court held that the proof offered to show that the consideration had not been paid was insufficient, but it was at the same time declared that had the testimony been satisfactory it would not have been heard to contradict the recital, unless it appeared "that by reason of some unfair practice, or through mistake, or by surprise, the deed was made to express an intention different from that which the bargainor believed it did declare." This part of the opinion was unnecessary to the determination of the case, and is in conflict with *Jones* v. *Spaight*, 2 Murphy, 89, where, for the purpose of showing that a conveyance was intended as an advancement, parol evidence was admitted, without invoking any equitable element, to prove that a recited consideration of forty pounds was, in fact, never paid, and was only mentioned, as alleged in the petition, "as a formal circumstance in the execution of the deed." The principle stated in Wilkinson's case is based entirely upon the idea that the recital of the payment of the consideration is a part of the contract, and, like other written contracts, cannot be contradicted or varied by parol testimony. Such seems to be the general current of the decisions in England, where it is held that the consideration cannot be recovered in a Court of law in the face of a recital of this nature.

This is also generally understood to be the course of judicial decisions in North Carolina. *Brockett* v. *Foscue*, 1 Hawks., 64; *Mendenhall* v. *Parish*, 8 Jones, 105, and the cases cited. On the other hand, the overwhelming weight of American authority is in favor of treating the recital as only *prima facie* evidence of payment, as in the case of a receipt, the only effect of the consideration clause being to estop the grantor from alleging that the deed was executed without consideration, in order to prevent a resulting trust. 1 Greenleaf Ev., 37, and note; 2 Wharton Ev., 1042, and note; Bigelow on Estoppel, 318; 3 Wash. R. P., 321. The English doctrine was very reluctantly assented to by Lord MANSFIELD, and it is even now claimed, by some writers, that the decisions of the Courts of that country are not entirely harmonious in its application. Without stopping to inquire how this may be, it is very manifest, from an examination of our own decisions, that the principle has not always been practically followed in North Carolina. If the recital is contractual in its nature, it is plain that it cannot be gotten rid of but by a correction of the deed in equity, on the grounds mentioned in Wilkerson's case (*supra*), and it would seem equally clear that to obtain such relief, there must be allegation and proof that the clause was inserted by surprise, fraud, or mistake, etc.

Nevertheless, this Court, in *Shaw* v. *Williams*, 100 N. C., 272, permitted the recovery of the consideration money in the teeth of a recital of its payment, although there was "no pretence that the plaintiff was surprised into making the deed or was ignorant of what she was doing." "It was manifest" (says the Court) "that she executed it with full knowledge that it passed her estate in the land, and such was her purpose. The true inquiry should have been, whether it was the intent to exonerate the purchaser from his obligation to pay the consideration money by the introduction of this recital." It will be observed that the recital was pleaded as

a release, and, being a part of the deed, necessarily showed the consideration upon which it was made. It will also be noted that there was no pleading whatever impeaching the said release (there being only the general denial to the answer implied by the law), and yet it was held that the recital could be contradicted by parol testimony as to the *intent* with which it was made. It is very difficult to reconcile the decision with the principle above stated, and there are other cases where, perhaps, in view of the hardship of a rigid enforcement of the rule, a similar departure has been made. It seems to be conceded everywhere that injustice must result, in some instances, from a strict and logical application of the doctrine; and it is in the struggle to administer substantial justice in such cases, and at the same time adhere to the principle that such recitals are contractual, that we find the inconsistencies in this and other Courts in their rulings upon the subject.

In *Michael* v. *Foil*, 100 N. C., 179, the deed recited a consideration of $500, but the Court, without any suggestion of fraud, surprise or mistake, admitted parol evidence to vary the recital by showing that it was agreed, at the time of the conveyance, that the grantor should have one-half of the proceeds of the sale of the mineral interest in the land if such a sale were made in his life-time. Although the principle of *Manning* v. *Jones*, Busbee, 368, was applied in this case, the decision can hardly be reconciled with the theory that the recital of a consideration is contractual, and the Court quoted with approval a decision from the Supreme Court of Massachusetts, in which State the doctrine is repudiated. The non-contractual character of such recitals in executed contracts is distinctly asserted in *Harper* v. *Harper*, 92 N. C., 300, in which the following language is used: "It was contended on the argument, that the parol evidence introduced by the appellees was incompetent because its effect was to explain and contradict the deed. This is a

misapprehension of the purpose of the evidence. The deed was not in question at all. There was no purpose to contradict, or change, or modify its terms, or to change its meaning in any degree. Its office was to convey the title to the land. The evidence was introduced in respect to a matter *outside of and independent of it;* it was intended to show with what intent the father and bargainor made it, apart from the purpose to convey land to his son. It was put in evidence not to prove title, but to show a particular intent on the part of the maker of it, in another respect distinct from it." Again, it was said, in *Melvin* v. *Bullard,* 82 N. C., 37, that "while a gift, in form, raises the presumption of an intent that the donee of any considerable portion of the parent's estate shall account therefor in a settlement with the heirs and distributees after his death, while a bargain and sale does not, it is clear that if, at the time of the conveyance by either mode, the parent did not intend it should operate as an advancement, and this intent appears from the instrument by which the transfer is effected, or from the facts of the transaction, or is shown *by other proof,* the property so conveyed is not an advancement, nor its value to be accounted for afterwards." In this unsatisfactory state of the authorities we must determine whether we shall return to the principle of some of the older decisions of this Court, and administer it in its original strictness and simplicity, or whether we shall continue to act upon the American doctrine as unmistakably indicated by our later cases. If the latter view is to prevail, it would seem better to distinctly recognize it at once, and thus avoid the anomaly, as shown by some of the cases, of denying a demand upon the ground that it can only be recovered in a Court of Equity, and granting the relief in that Court without allegation or finding as to the existence of any equitable element whatever. While the writer is doubtful of the policy of departing from the old rule, the majority of the Court are of the opinion that we are com-

mitted to the American doctrine, which, in their judgment, is founded upon correct reasoning and better adapted to the proper administration of justice. The Court is therefore of the opinion that the recital in a deed of the receipt of the consideration is not contractual in its character, and is only *prima facie* evidence of the payment of the purchase-money, which may be rebutted by parol testimony. In accordance with this view, we must conclude that parol evidence was competent in this case to show the real intent and purpose of Mr. Barbee in executing the several conveyances to his children, and especially should this be so when it seems that they do not pretend that any actual consideration was paid by them.

2. The remaining question to be considered is whether there was error in the exclusion of the testimony of Mrs. Ladd and others. The point is thus presented by his Honor in the case prepared for this Court: " The plaintiffs proposed to show by Mrs. C. A. Ladd, one of the defendants, that in the division of certain lands between his children by Gray Barbee, an agreement was made between them and Gray Barbee by which some were to pay others certain sums for equality of partition. This was objected to by defendants, upon the ground that H. Tyler Barbee being dead and a party to the alleged agreement, the witness is incompetent under section 590 of *The Code.* Other parties to this action were also offered as witnesses by the plaintiffs for a similar purpose, to whose evidence similar objection was taken by the defendants." The Court held " that the witness C. A. Ladd and other parties to this action are incompetent to testify to any transaction between herself and H. Tyler Barbee, now deceased, in which his estate is sought to be charged." We are of the opinion that the testimony, in so far as it affected the lands conveyed to H. Tyler Barbee, deceased, was incompetent under section 590, and that there was no error in its exclusion. The witnesses were parties to the

action, and if there was such an agreement as contended for between them and their father, it was clearly to their interest that the deceased brother should be included therein, so as to charge his estate.

We have carefully examined the cases cited by plaintiffs' counsel, but can find nothing in them which conflicts with the ruling of his Honor.

Error, and remanded.