A. F. WILLIAMS, Administrator of HARPER WILLIAMS v. MOSES COOPER.

*Witness—Competency Under Section 590 of The Code.*

1. Incompetency of a witness under Section 590 of *The Code* attaches only to the *surviving* party to the transaction, and in an action on a bond plaintiff administrator of a deceased person is competent to prove the execution by the defendant of the bond.

2. Where a plaintiff, administrator and distributee of a deceased person, testified only to the execution of the bond, this did not confer upon the defendant the right to testify as to payments made by him on the bond, nor to cross-examine the plaintiff administrator in regard to such alleged payments.

CIVIL ACTION to recover the amount of a note executed by the defendant to the intestate of the plaintiff, tried before *Bryan, J.,* and a jury, at August Term, 1893, of DUPLIN Superior Court, on appeal from a judgment of a Justice of the Peace.

The plaintiff was a distributee of his intestate's estate. On the trial plaintiff was allowed, under objection, to testify to the execution by the defendant of the note sued on. On cross-examination he testified that he knew of no payments made on the note by defendant to the intestate. The defendant then offered himself as a witness, and proposed to prove

that he had paid the note sued on to the intestate of plaintiff. Objection being made to the proposed testimony, it was excluded. Thereupon his Honor directed the jury to answer the issue as to payment in the negative, and defendant excepted and appealed from the judgment rendered thereon.

*Mr. A. D. Ward,* for plaintiff.
*Mr. H. R. Kornegay,* for defendant (appellant).

CLARK, J.: The plaintiff, administrator and distributee of the payee, was competent to prove the execution of the bond by the defendant. The incompetency attaches only to the surviving party to the transaction. *The Code,* § 590. The representative of the deceased can testify, if he so elect, under penalty of making the surviving party a competent witness to the same transaction. *Thompson* v. *Humphrey,* 83 N. C., 416. On cross-examination by the defendant, witness stated that he did not know of any payment made by the defendant. The witness was not examined in his own behalf, except in regard to the execution of the note. This rendered the defendant a competent witness only "concerning the same transaction or communication" by the very terms of the statute. *Kesler* v. *Mauney,* 89 N. C., 369; *Burnett* v. *Savage,* 92 N. C., 10; *Sumner* v. *Candler,* 92 N. C., 634; *Hughes* v. *Boone,* 102 N. C., 137; *Bunn* v. *Todd,* 107 N. C., 266.

Nor could the door be opened wider by the defendant cross-examining the witness as to another transaction, to-wit, payment on the note, as to which the witness was not offered, and did not testify in chief. To permit this course would be to nullify that portion of the section (590) which restricts the competency of the opposite party when an administrator has been offered as a witness to the "same transaction." This would become meaningless if the opposite party could, by cross-examining as to other matters, make himself competent as to them also.     No Error.