P. A. POSTON, Guardian, etc., v. H. F. JONES et al.

(Decided April 26, 1898).

*Action to Foreclose Mortgage—Witness—Competency—Evidence—Transaction with Deceased Person—Note—Payment—Evidence—Presumptive Evidence—Mortgage—Administrator.*

1. In the trial of an action to foreclose a mortgage which a deceased administrator had, during his lifetime, assigned to plaintiff as security for his note given in settlement of the balance due from him as administrator, the testimony of defendant that, after the execution of the mortgage, the administrator had agreed to take the mortgaged land in fee and defendant's note for a small amount in settlement of the note secured by the mortgage, was incompetent under Section 590 of *The Code.*

2. While the unexplained possession of a note by the maker is presumptive evidence of its payment, yet, where there was no claim of payment, except under an agreement that was inoperative, the rejection of the note as evidence of its payment was harmless error.

3. A conveyance of land which provides for are conveyance to the grantor, if the latter shall within a certain time pay to the grantee the consideration named in the instrument, is a mortgage.

4. A mortgage cannot, by any stipulation between the parties thereto, be changed to an absolute deed. "Once a mortgage, always a mortgage."

5. An administrator has no right to take land in payment of a debt due to the estate.

6. A debtor to a trustee has no right to pay the trust debt by a conveyance of land to such trustee.

7. In an action on a note and a mortgage assigned as security for such note, it was error to render judgment against the security for more than was due on the principal debt.

CIVIL ACTION tried before *Coble, J.,* and a jury at August Term, 1897, of IREDELL Superior Court. There was a verdict for plaintiff, and defendant appealed from the judgment thereon. The facts appear in the opinion.

*Messrs. Armfield & Turner* and *H. P. Grier* for plaintiff.

*Messrs. Long & Long* for defendants (appellants).

FURCHES, J.: On the 15th of April, 1890, the defendant, H. F. Jones, became and was indebted to J. A. Hartness, receiver of Poston Brothers, in the sum of $2,051.43, for which he, together with A. A. Hampton, executed a note. Some time after that said Hampton became the administrator *d. b. n.* of J. W. Poston and administrator *c. t. a.* of Nora J. Poston, wife of J. W. Poston; and in that way the Hartness note came into the hands of said Hampton as a part of the estate of the said J. W. and Nora J. Poston. On the first day of November, 1894, the defendants, H. F. Jones and wife, made and executed a deed, in form a mortgage, to the said A. A. Hampton, administrator of J. W. Poston, conveying three several tracts of land therein described, lying and being in Alleghany county. The consideration expressed in said conveyance is $2,144, and the condition expressly provides that if said Jones shall pay said Hampton, administrator of J. W. Poston, this sum,

with interest, within the *next two years*, said Hampton "shall reconvey said land to said H. F. Jones."

The defendant alleges that after this, to-wit, on the 26th day of November, 1894, it was agreed between the defendant and said Hampton that he (Hampton) would take the fee simple estate in said land, and a note for $300, in payment of the Hartness note; and at that time Hampton surrendered to the defendant the Hartness note, and that he executed his note to said Hampton for the $300, which he has since paid; that since that time Hampton has had a settlement of his said administrations, when it was found that he was indebted to said estates in the sum of $2,016.40. And the plaintiff, P. A. Poston, having been appointed guardian of Mary and Mattie Poston, to whom said money was due, Hampton executed his note to said guardian for the amount so due by him, and assigned the Jones mortgage to said guardian as collateral security for his note.

This action was brought against said Hampton on his note, and against the defendants, Jones and wife, for a foreclosure of the alleged mortgage. Hampton filed no answer, and judgment was taken against him at February Term, 1897, and he has died since then and before August Term, when the case was tried as to Jones and wife.

On this trial, the plaintiff introduced the conveyance claimed by him to be a mortgage. The plaintiff then introduced the note of Hampton to plaintiff, which also contained the assignment of the "mortgage" to the plaintiff as collateral security. This was objected to by the defendants; objection overruled, and defendants excepted. The execution of this paper was duly proved, and defendants do not point out, in their exception, upon what ground it was incompetent. They have not done

so by argument or brief, and we are unable to see why it is not competent. It is true that it is called a mortgage in the assignment, but this does not make it so, unless it is so. *Rawlings* v. *Neal*, at this term. This is considered by us as only to identify the paper assigned to the plaintiff.

The defendants both went upon the witness stand for the purpose of proving that Hampton, on the 26th November, 1894, agreed to take and hold the land in fee and the defendant's note for $300, in payment and satisfaction of the Hartness note. But this evidence was objected to by plaintiff under Section 590 of *The Code*, both Jones and wife being parties to the action, and plaintiff claiming under Hampton, then deceased. This evidence was excluded, and defendants excepted. We see no error in this ruling.

The defendants then offered in evidence the Hartness note, which seems to have been the original evidence of indebtedness of defendant, Jones. This was objected to by plaintiff, and ruled out by the court.

The possession of a note has been often held to be presumptive evidence of ownership by the holder. And we would be unwilling to say that the holder of a note, by a party, which he admits that he once owed, would be no evidence of payment. It seems to us that, unexplained, it would create the same presumption as to ownership as the holder of an unpaid note creates, and thus be presumptive evidence of payment. There was error in excluding this evidence, and it remains to be seen whether it was material, that is, whether it might have affected the plaintiff's rights if it had been admitted. If it might have done so, the defendants are entitled to a new trial.

Without specially discussing the various rulings of

the Court on other exceptions to evidence, we will say that we have examined them and find no error.

The deed of November 1st, 1894, is so plainly and emphatically a mortgage that it seems to us to be a misnomer to call it anything else. ''Once a mortgage, always a mortgage.'' 3 Pomeroy Eq. Jur., Section 1193; Bispham, Section 153. And if once a mortgage, the parties cannot by any stipulation between them, ''no matter how explicit,'' change it from a mortgage to an absolute deed. Pomeroy, Ibid., Section 1194; *Halcombe* v. *Ray*, 23 N. C., 340.

It is not contended that this indebtedness (the Hartness note) has ever been paid, except by this alleged agreement, on the part of Hampton, a trustee, to accept the land and the $300 note as payment. If Hampton ever did agree to take the land and the $300 note in payment, this was not a payment. Hampton as a *trustee* had no power to buy land for the plaintiff's wards; and the defendant, Jones, had no right to pay a *trust debt*, knowing it to be such, in that way; and the plaintiff, in behalf of his wards, has the right to repudiate any such transaction. As defendants were incompetent, under Section 590 of *The Code*, to testify as to transactions and communications with Hampton, there is nothing to connect the $300 note with the Hartness note. Had there been, it should have been allowed as evidence for the same reason that the Hartness note was competent. But as there was not, it was properly excluded.

As there is an admitted indebtedness (the Hartness note) for which the mortgage offered in evidence was given as security, and as there is no evidence tending to prove payment, except the fact that the Hartness note is in the possession of the defendant, which is explained by the allegations of the defendant that he received it

POSTON *v.* JONES.

from Hampton upon an agreement that Hampton was to take the land in payment of the note, which we hold he had no right to do, (supposing defendant's allegations to be true), we are unable to see what benefit it would have been to defendants to have admitted the Hartness note in evidence. If the Court was in error in excluding this note, as we think it was, it was harmless error.

The $300 note stands on somewhat different grounds. It is not an alleged indebtedness by the plaintiff and admitted by defendants. The only standing it has in court is the allegation of defendants.

But the Jones mortgage is not plaintiff's primary cause of action. This is Hampton's note, and the Jones mortgage is only a security for the payment of the Hampton note. This is less than the amount found to be due on the Jones mortgage. The security cannot be made to pay plaintiff more than is due from the principal. Therefore, plaintiff's recovery against defendant Jones can be for no greater amount than plaintiff's judgment against Hampton. This error must be corrected.

In this case, as in others that have come before us, the appellant has failed to print an index, or to print a division of the subject matter in lieu of marginal notes, as required by the rule. This must be done, or appellants will be taxed with the costs of having it done.

Modified and affirmed.