DAVIDSON v. BARDIN.

(Filed September 12, 1905).

*Evidence—Personal Transaction with Deceased.*

In an action to recover for services rendered the defendant's intestate, the testimony of plaintiff that she "gave him medicine, prepared his nourishment, kept him clean and cared for him generally, he was helpless altogether; we had to do all the services and wait on him," was incompetent under section 590 of The Code, this being a "personal transaction" with deceased.

ACTION by Mary E. Davidson and B. F. Davidson, her husband, against J. D. Bardin, Administrator of Richard Bardin, heard by *Judge B. F. Long* and a jury, at the Spring Term, 1905, of the Superior Court of PERQUIMANS County.

*Aydlett & Ehringhaus* for the plaintiffs.
*Pruden & Pruden* for the defendant.

CLARK, C. J.   This is an action to recover for labor alleged to have been performed for seven years prior to his death, in waiting upon, caring for and nursing the defendant's intestate and his wife, both of whom were very old and feeble, and not related to the plaintiffs.

The *feme* plaintiff was allowed to testify as a witness in her own behalf over defendant's objection and exception that she "gave him medicine, prepared his nourishment, kept him clean and cared for him generally.   He was helpless altogether; we had to do all the services and wait on him." This was clearly a "personal transaction" with the deceased, and the witness was incompetent under The Code, 590.   It is true that His Honor excluded any conversation, but the statute excludes not merely any "communication," but also any "personal transaction."

The cases relied upon by the plaintiff merely sustain the proposition that the witness would have been competent to testify to any "substantive and independent fact" that was not a "communication or personal transaction" with the deceased, as in *Gray v. Cooper,* 65 N. C., 183, that the deceased had possession and use of the slaves, or *March v. Verble,* 79 N. C., 19, that the deceased had owned but one bull since the war and what he was worth—or *Cowan v. Layburn,* 116 N. C., 526, that the plaintiff carried provisions to the deceased at her house and that she had no other provisions, the court being careful to add that it did not appear whether the deceased accepted or refused the provisions, thus excluding any "personal transaction," the actual delivery.   In all these cases, the possession of the slaves and of the bull, and carrying provisions to the house of defendant's intestate were independent, substantive facts, like proving the value of an article sold to the intestate (the sale and delivery being proven by another), *March v. Verble, supra;* and that witness saw the book in hands of intestate, but not that she handed him the book, which last was held incompetent.

*Lane v. Rogers,* 113 N. C., 171, or the numerous cases' (Clark's Code, 3rd Ed., p. 845) that the plaintiff can prove the handwriting of defendant's intestate, but not that he saw him sign the paper sued on.

Under these decisions, the plaintiff was competent to testify that she went to the house of defendant's intestate, and his condition, and what she saw or heard, so long as these were independent facts and did not tend to show a "communication or personal transaction" between her and the deceased, whereby a liability to her, express or implied, would accrue. His mouth being closed by death to deny the contract, the law enforces equality of condition by forbidding her to prove an express contract by showing a "communication," or an implied contract by showing a "personal transaction" as the rendition and acceptance of services, which was the object of the evidence here admitted. The witness "may testify to any fact which does not include a personal transaction or communication." *McCall v. Wilson,* 101 N. C., 598; *Johnson v. Rich,* 118 N. C., 268.

Error.