STOCKS v. CANNON.

(Filed September 19; 1905).

*Evidence of Transaction with Deceased—Doctrine of Satisfaction.*

In an action for services rendered the testator of defendant, when the plaintiff testifies as to the value of services "rendered," though he does not state in so many words that he had rendered them to testator, he necessarily speaks, though perhaps indirectly, of a transaction or communication with the deceased, and the testimony is incompetent under section 590 of The Code, which is intended to exclude even the indirect testimony of an interested witness as to a transaction or communication with the deceased, as the latter cannot be heard in reply.

Discussion of the equitable doctrine of satisfaction.

STOCKS v. CANNON.

ACTION by S. A. Stocks against Jesse Cannon and J. S. Cox, Executors of T. C. Cannon, heard by *Judge J. L. Webb* and a jury, at the April Term, 1905, of the Superior Court of PITT County. From a judgment for the plaintiff, the defendants appealed.

This is an action to recover for services alleged to have been rendered to the testator of the defendants. Plaintiff was introduced as the first witness for himself and testified as follows: Q. You are the plaintiff in this action? A. Yes. Q. Where did you work from April 1, 1901, to April 27, 1904, and what class of work did you do? (Defendants objected to the witness speaking about any work upon land belonging to deceased within the time stated. Objection overruled and defendants excepted). A. I was on the public road a little and in the field, if I am not to speak about the time I was at work on the land of the deceased. Q. What was your business on the road? A. Attending to business. Q. Attending to business of some one else than yourself? A. Yes. Q. What was the value of those services rendered during that time? A. They could not have been less than $2,000. (Defendants objected, objection overruled and defendants excepted). Q. What services did you render T. C. Cannon from April 1, 1901, to April 27, 1904? (Excluded). Q. In these services for three years, mention whose team you used? A. My own. Q. How much have you received for your services all that time? A. $309.

There was other testimony as to the services rendered by plaintiff to the testator and their value, but it is not necessary to state it, as the decision of this court is confined to the competency of that already set out.

*Fleming & Moore* for the plaintiff.
*Skinner & Whedbee* for the defendants.

WALKER, J., after stating the case: The testimony of the

plaintiff to which the defendants objected was incompetent. It is clear to us that it related to a transaction and perhaps to a communication with the deceased. It is true the witness did not state in so many words that he had rendered any services to the testator, but that he had is plainly implied in the questions and answers. It would have been futile to ask the witness about services he had not rendered to the deceased, as the question being tried was whether he had rendered services to him and the value of any services so rendered, and not whether he had rendered services to some one else. The examination, as was said in the argument, was very adroit and skilful, but we do not think the plaintiff succeeded in avoiding the prohibition of the statute, Code, section 590. We must construe and enforce that wise and salutary provision of the law, so as to effectuate the evident intention of the Legislature, which is to exclude even the indirect testimony of an interested witness as to a transaction or communication with the deceased, as the latter cannot be heard in reply. Besides, there is a striking correspondence between the value of the services described in the witness's answers and the amount of the payment made by the deceased on the one hand and the allegations of the complaint relating to those matters on the other. In his complaint the plaintiff values the services rendered to the deceased at $1,900 and alleges that he has already received for them $309. In his answer to the following question: In these services for three years, mention whose team you used? A. My own, the witness refers unmistakably to services performed for the testator; and when in the last question he is asked as to the amount received for his "services all that time" and answers, $309, which is the very amount paid by the deceased, how can we escape the conclusion that in his testimony he was referring to services rendered to the deceased? The context discloses that the witness meant, when answering the questions to which objection was taken, to refer to services he had

rendered to the testator. When a witness is asked and testifies as to the value of services "rendered," he necessarily speaks, though perhaps indirectly, of a transaction or communication, as he could not well have rendered services to the deceased without having had some sort of transaction or communication with him, the exact nature of which depending upon the kind of services rendered. *Davidson v. Bardin* at this term; *McGowan v. Davenport,* 134 N. C., 526. If the testimony did not have reference to services rendered to the deceased, it was irrelevant, and under the circumstances it was calculated in our opinion to mislead the jury and to prejudice the defendant. We conclude that the testimony was objectionable within the spirit and meaning of section 590 of The Code, as well as within its letter, and should have been excluded on that ground, and if not on that ground, then it should have been rejected for the other reason assigned. For the error in admitting it, a new trial is ordered.

The other exceptions are not passed upon, as the case may be differently presented at the next trial. It may be well, though, for the defendant's counsel to consider whether the rule he invokes, that a legacy to a creditor is presumed to be in satisfaction of his debt should be applied to a case where the amount of the creditor's claim is not fixed. In this case the jury found it to be much larger in amount than the legacy. Bispham in his Principles of Equity (6th Ed.), p. 664, section 538, says: "Where one person is under some legal or moral obligation to another, and under those circumstances makes a gift of such a nature that it operates as an exact fulfilment of the obligation, there arises a presumption that it was the intention of the donor to discharge the obligation by making the gift; in other words, the gift is presumed to be in satisfaction of the obligation, and hence this presumption, which had its origin in courts of chancery, has given rise to what is known in equity as the doctrine of

satisfaction." He further says on the same page that the doctrine has frequently been regarded with no little disfavor, and the presumption of the testator's intention, upon which it is founded, can be rebutted by slight circumstances, evidence of his express intention being admissible and that presumptions may be drawn from surrounding circumstances, by which the supposed intention that the gift should operate as a satisfaction may be contradicted or controlled. He further says, "It is a general rule both in England and in this country that a legacy given by a debtor to his creditor, which is equal to or greater in amount than the debt, shall be presumed to be intended as a satisfaction of the debt, but it must be not only equal in amount, but equally beneficial and of the same nature exactly. It will be observed that this statement of the rule both indicates the general doctrine and also suggests some considerations by which its application may be controlled." Bisp., p. 664. The doctrine as thus stated seems to be recognized by this court in *Ward v. Cofield,* 16 N. C., 108, and *Perry v. Maxwell,* 17 N. C., 488. We do not decide this interesting question raised by the fact that the testator bequeathed $500 to the plaintiff, as a new trial has been awarded, and we prefer to leave the matter open to be decided upon the facts as finally ascertained. They may not be the same as those we now have before us.

New Trial.