DUNN v. CURRIE.

(Filed April 17, 1906).

*Executors and Administrators — Transaction with Deceased—Implied Contract—Presumption—Relationship of Parties—Verdict—Appeal and Error.*

1.  In an action to recover for services rendered by plaintiff and family for defendant's intestate, the testimony of plaintiff that he worked on the land of intestate in cultivating it and on the building and that he did other work, such as cutting and binding wheat and oats; that his family worked on the farm; that his wife did the cooking and that he took care of the intestate's house and stock and that he and his wife nursed him in his last illness, was incompetent under section 1631 of the Revisal.

2.  Where the verdict is indivisible and it cannot be ascertained to what extent the incompetent evidence, which was admitted, influenced the jury, the verdict is vitiated as a whole.

3.  This court cannot decide whether the court below improperly refused to give a prayer for instruction that "if the jury believed the testimony," etc., where all of the evidence is not sent up.

4.  In an action to recover for services rendered by plaintiff and his family for defendant's intestate, where there is evidence that plaintiff and his family worked on the intestate's farm, that the wife did the cooking and he took care of the intestate's house and his stock, and that he and his wife nursed him in his last illness, and that plaintiff's wife was a daughter of the intestate, there is nothing in the relation of the parties disclosed to rebut the implied promise to pay.

5.  Certain relations existing between the parties raise a presumption that no payment was expected for services rendered or support furnished by the one to the other. The presumption standing by itself repels what the law would otherwise imply, that is, a promise to pay for them, but this presumption is not conclusive and may in its turn be overcome by proof of an agreement to pay, or of facts and circumstances from which the jury may infer that payment was intended by one of the parties and expected by the other.

ACTION by B. T. Dunn against J. C. Currie, Administrator of Thomas Bunnell, heard by *Judge R. B. Peebles* and a jury, at the September Term, 1905, of the Superior Court of MONTGOMERY.

The plaintiff sued to recover to his own use the sum of $243.80 for work done, labor performed and services rendered by himself and family for Thomas Bunnell, the intestate of the defendant. He testified as follows: "Q. Did you ever do any work on the land of Thomas Bunnell? A. I worked on the land in cultivating it; I worked on the building; cannot tell the date; it was worth 75 cents per day." He further testified that he did other work, such as cutting and binding wheat and oats, plowing and mauling; that his family also worked on the farm; that his wife did the cooking and he took care of the intestate's house and his stock, and he and his wife nursed him in his last illness. The plaintiff's wife is a daughter of the intestate. He then testified as to the reasonable worth of the work and labor done by him and his family. All of this testimony was objected to by the defendant in apt time and admitted. The defendant excepted. There was other evidence introduced by the respective parties which is not set out in the case because, as is stated, there was no exception thereto. At the close of the testimony, the defendant requested the court to charge the jury that if they believed the testimony in the case the presumption of a promise to pay for the services rendered is rebutted by the relation of the parties, and the plaintiff is not entitled to recover." This instruction was refused and defendant excepted. There was a verdict for $232.15 and judgment thereon for the plaintiff. The defendant appealed.

No counsel for the plaintiff.

*Adams, Jerome & Armfield* and *W. A. Cochran* for the defendant.

WALKER, J., after stating the case: The testimony of the plaintiff, which was admitted by the court over the objection of the defendant, was incompetent and should have been excluded. If it did not clearly show a transaction or communication between the plaintiff and the intestate, from which the law would imply a promise by the latter to pay for the services alleged to have been rendered, then it was wholly irrelevant and did not tend to establish the plaintiff's cause of action for work done and labor performed for the intestate. From the fact that labor is performed and services are rendered which benefit another who avails himself of the benefit thus derived, the law implies both a prior request for the labor and services and a promise on the part of the beneficiary to pay for them what they are reasonably worth. Any dealing or course of conduct on the part of the plaintiff with respect to the deceased which tends to imply this request and the consequent promise to pay the reasonable worth of the benefits received, must of necessity, though indirectly, show a transaction or communication with the deceased within the evident meaning and intention of the statute. Revisal, sec. 1631. In this case the plaintiff substantially testified to a transaction or communication with the deceased, otherwise where is there the slightest foundation for the claim that the defendant, as his administrator, is indebted to him. If he did no work for the intestate nor render him any service, there was no implied promise to pay and he does not allege or rely on an express one. The case, therefore, is governed by the principle announced in *Davidson v. Bardin,* 139 N. C., 1, that the plaintiff is competent to testify as to independent facts, but not as to those which tend to show a personal transaction or communication with the deceased, whereby a liability to him by the latter, either express or implied, would arise. The plaintiff cannot, it is further said in that case, by his own testimony prove an express contract by showing a communication or an implied contract by showing a per-

sonal transaction, as, for example, the rendition of services which were accepted by the intestate or received without objection. To the same general effect is *Kirk v. Barnhart,* 74 N. C., 653. But the case of *Stocks v. Cannon,* 139 N. C., 60, is more directly in point. There the testimony as to services rendered was very similar to that we have here. We find that the same decision has been made by another court upon a like state of facts, it being there held that such testimony is, in substance and effect, a statement that services had been rendered under a contract, or upon request, implying a promise to pay for them, and therefore related to a transaction or communication within the meaning of the statute excluding such evidence. *Boyd v. Cauthen,* 28 S. C., 72. Whether it was competent for the plaintiff to testify as to the services rendered by his wife and children, for the value of which he sues in his own right, we need not inquire, as the verdict is indivisible and the error we have already pointed out vitiates it as a whole. It cannot be ascertained to what extent the incompetent evidence influenced the jury, all of the items being indistinguishably blended in one amount. *Rowe v. Lumber Co.,* 133 N. C., 444; *Beam v. Jennings,* 96 N. C., 82; *Holmes v. Godwin,* 71 N. C., 306. The instruction requested by the defendant was properly refused. All of the evidence, as the case shows, is not before us. We cannot, therefore, decide whether "if the jury believed the testimony" the implication of a promise which the law ordinarily raises has been rebutted, because we are not informed as to what the testimony was. Upon the evidence which appears in the record we do not think that, if it had all been competent, and a promise could be implied, there was anything in the relation of the parties, so far as we are now advised, which rebuts the implication of the law. As now presented, the case does not fall within any of the adjudged cases upon this subject. *Hussey v. Rountree,* 44 N. C., 110; *Hudson v. Lutz,* 50 N. C., 217; *Dodson v. Mc-*

*Adams,* 96 N. C., 149; *Young v. Herman,* 97 N. C., 280; *Callahan v. Wood,* 118 N. C., 752; *Avitt v. Smith,* 120 N. C., 392; *Hicks v. Barnes,* 132 N. C., 146; *Stallings v. Ellis,* 136 N. C., 69. These cases establish the principle that certain relations existing between the parties raise a presumption that no payment was expected for services rendered or support furnished by the one to the other. The presumption standing by itself repels what the law would otherwise imply, that is, a promise to pay for them, but this presumption is not conclusive and may in its turn be overcome by proof of an agreement to pay, or of facts and circumstances from which the jury may infer that payment was intended by one of the parties and expected by the other. There is no fixed rule governing all cases alike, but each case as it arises must be determined upon a consideration of all the facts and circumstances, subject, however, to the legal bearing on the liability of the particular relation existing at the time between the parties, as shown in the cases cited and in others of a similar kind decided by this court. *Young v. Herman,* 97 N. C., 280; 21 Am. & Eng. Enc of Law (2 Ed.), 1061-1063; *Williams v. Barnes,* 14 N. C., 348.

There is nothing, though, in the facts of this case, as we view them, to prevent a recovery, if the plaintiff had, by competent evidence, proved that he had performed the services, as alleged, and that the intestate received the benefit of them.

New Trial.