V. H. FREEMAN v. JOSIAH BROWN, Administrator.

(Filed 6 October, 1909.)

1. Issues—Evidence Immaterial—Harmless Error.

The admission or exclusion of evidence not pertinent to the inquiry or material to the issue does not constitute reversible error.

2. Same.

Upon an issue involving the determination of the question of an express contract, as to whether plaintiff's deceased father had agreed to compensate him for services rendered for a term of years by giving him at his death the farm on which he lived, worked, etc., evidence tending to show services performed by plaintiff for his father from which the jury could imply a contract and fix their value as upon a *quantum meruit* was immaterial, and was harmless error.

3. Evidence—Depositions—Motion to Suppress, When Made.

An objection and motion made on the trial of the cause to suppress a deposition taken therein for that the deposition was taken before the filing of the answer or issue joined, is made too late. The motion, at least, should have been made before the trial was entered upon.

FREEMAN *v.* BROWN.

### 4. Evidence—Depositions, When Used—Answer.

A plaintiff is not required to delay taking the deposition of a witness in a cause until after answer is filed. Revisal, sec. 1647.

### 5. Contracts to Convey—Consideration of Services—Deceased Persons—Evidence Sufficient—Nonsuit.

Evidence is sufficient to take the case to the jury upon an issue as to whether plaintiff's deceased father had agreed, in consideration of services to be rendered, to give him, at his death, the farm he resided on, which tends to show, by several witnesses, that intestate had told them that he had agreed to give or leave by will, etc., the farm upon such conditions; and upon a motion as of nonsuit upon the evidence such testimony must be construed in the view most favorable to plaintiff's contentions, and each ingredient making for plaintiff's claim taken as established.

### 6. Contracts to Convey—Consideration of Services—Deceased Persons—Failure to Perform—Limitation of Actions.

To an action to enforce an express contract made by deceased to convey or leave by will certain lands to plaintiff at his death, in consideration of continued services rendered thereon by plaintiff to him, the statute of limitations only begins to run from the death of the deceased or from the time he was to have performed his part of the contract, or from the time it has been ascertained that he has failed therein.

APPEAL from *Guion, J.,* May Term, 1909, of BERTIE.

The plaintiff, after averring the death of Josiah Freeman, intestate, and the qualification of defendant Brown as his administrator, alleges that the plaintiff is a son of the intestate, who, for many years prior to his death, was in feeble health and unable to care for himself; that he (the plaintiff) lived with his father, at his request, from the time he became of age, in 1887, to 1907; that his father promised him that if he would live with him and care for him and look after his farm he would compensate him (the plaintiff) by giving him his farm, of about 69 acres, at his death.   The plaintiff alleged that he lived with his father to his death; that he cultivated the farm, looked after and attended to all of his father's business, and cared for and looked after the wants of his father and mother during their lives; that the intestate survived his wife many years and was very feeble and unable to care for himself.   The other heirs at law were made parties on their petition, and a joint answer was filed by them and the administrator, in which they denied all the material allegations of the complaint; pleaded the statute of limitations; that plaintiff, as a member of the family, received all the rents and profits, converted to his own use all the personal property of his father, and has never accounted therefor; that plaintiff is indebted to the estate in a large sum, and prayed that an account be taken by a referee.   The following issues were submitted by his Honor:

1. "Did Josiah Freeman, at the time the plaintiff, V. H. Freeman, arrived at the age of twenty-one years, request the plaintiff, V. H. Freeman, to remain with him at his home and care for him and look out for his business, and that if he (the said V. H. Freeman) would do so, he would, at his death, compensate plaintiff for his services and attention by giving plaintiff his farm on which he lived?

2. "If so, is plaintiff's action barred by the statute of limitations?

3. "Is defendant's action upon his counterclaim barred by the statute of limitations?"

The jury made these responses: "Yes," to the first issue; "No," to the second issue, and "No," as to the three years next preceding the commencement of this action; "Yes," prior thereto. Upon the verdict his Honor signed judgment adjudging the taking of an account necessary, ordering a compulsory reference and appointing a referee to state the account between the parties in accordance with the verdict, requiring a report from referee and retaining the cause for further orders. The defendant appealed.

*Winborne & Winborne* for plaintiff.
*Winston & Matthews* and *W. R. Johnson* for defendant.

MANNING, J., after stating the case: The form of the issues submitted by his Honor, to which no exception was taken by the appellants, or other issues tendered by them, renders it unnecessary to consider several exceptions appearing in the record and pressed upon our attention. The first issue was to determine the existence of an express contract, as set forth in that issue. The evidence of the plaintiff himself, tending to show services performed by him for his father, from which the jury could imply a contract and fix their value as upon *quantum meruit,* was immaterial, and we cannot see—certainly, as no part of his Honor's charge is sent up in the record—that the defendants were prejudiced by the admission of it. If this evidence were material or pertinent to any issue, its competency would present a difficult question for solution, under the decisions of this Court. *Dunn v. Currie,* 141 N. C., 123; *Stocks v. Cannon,* 139 N. C., 60; *Davidson v. Bardin,* 139 N. C., 1, and cases cited. It has been held in numerous cases decided by this Court and other appellate courts that neither the admission or exclusion of immaterial evidence—immaterial in the determination of any issue to be found by the jury (and it cannot be seen by the appellate Court that the appellant was prejudiced thereby)—will constitute reversible error. *In re Thorp,* 150 N. C., 487;

*Davis v. Thornburg,* 149 N. C., 233; *Griffin v. Railroad,* 123 N. C., 55; *Jennings v. Hinton,* 128 N. C., 214; *Collins v. Collins,* 125 N. C., 98. This disposes of the first six exceptions of the appellants, all of which were taken to the evidence of the plaintiff of the purport above stated.

The seventh exception is thus stated in the record: "Here the plaintiff offers in evidence the deposition of Hattie Freeman. The defendant objects and moves to suppress the deposition, for that the same was taken before there was issue joined in the cause, in that the answer had not been filed at the date of taking the deposition. Motion denied and objection overruled. Defendant excepts." This exception cannot be sustained. The motion to suppress the deposition ought to have been made, at latest, before the trial was entered upon. Section 1647, Revisal; *Ivey v. Cotton Mills,* 143 N. C., 189. It is not required by section 1652, Revisal, that the plaintiff shall delay the taking of evidence by deposition until after answer is filed. On the contrary, it has been held that it is competent, under the limitation prescribed in the cases cited, to use a deposition taken in one case in a subsequent case. *Bryan v. Malloy,* 90 N. C., 508; *Stewart v. Register,* 108 N. C., 588; *Mabe v. Mabe,* 122 N. C., 552.

The eighth, ninth and tenth exceptions present the question, by motion to nonsuit and by refusal of his Honor to direct the jury to answer the first issue "No," whether there was sufficient evidence to take the case to the jury. Several witnesses for plaintiff testified as to statements made to them at various times and places by the intestate, from which the jury could fairly and reasonably find that the express contract, stated in the issue, existed between plaintiff and his father. While no one of the witnesses testified in the exact language of the issue, we do not understand that to be necessary. Where a motion to dismiss an action is made, under the statute, the evidence must be construed in the view most favorable to the plaintiff, and every fact which it tends to prove, and which is an essential ingredient of the cause of action, must be taken as established, as the jury, if the case had been submitted to them, might have found those facts from the testimony. *Cotton v. Railroad,* 149 N. C., 227; *Brittain v. Westhall,* 135 N. C., 492. One witness, Edgar Askew, testified that the intestate told him that he had told plaintiff, after his son, Walter, one of the defendants, left him, about twenty years before, that if he would stay with him and help him out of debt he would will him what he had when he died; another, that plaintiff lived with his father, looked after him and the farm and property, and that intestate told plaintiff he

must live with him and take care of him; another, that he heard the intestate say the plaintiff had worked there (on the farm), had redeemed the farm, and he had given it to him—that plaintiff did everything around the farm; another, that he had seen plaintiff plow, hoe, ditch and repair buildings, and heard the intestate say that he had given everything he had to the plaintiff. In our opinion, from this evidence of the conduct, declarations and attending circumstances, the jury could fairly infer a contract or mutual understanding, as stated in the issue.

The eleventh exception is to the refusal of his Honor to give the following charge, at the request of the defendants: "That the plaintiff's action is barred by the statute of limitations, except for services rendered, if any, for the three years next preceding the death of the defendant's intestate." In the statement of the case on appeal we find this statement: "It was agreed, by consent, that if the jury answered the first issue 'Yes' the court should answer the other issues for the jury as found in the record." In view of this statement, we doubt if this exception is presented for consideration; but, passing this, we do not think his Honor should have given the instruction prayed. The finding of the jury to the first issue brings this case clearly within the principle, declared in *Miller v. Lash,* 85 N. C., 51: "Where services are performed by one person for another, during life, under a contract or mutual understanding, fairly to be inferred by their conduct and declarations and the attending circumstances that compensation therefor is to be provided in the will of the party receiving the benefit of them, and the latter dies intestate or fails to make such provision, the subsisting contract is then broken, and not only will the action then lie for the recovery of this reasonable value, freed from the operation of the statute, but it could not be maintained before."

No issue as to the value of plaintiff's services was submitted; but, in view of the counterclaim set up by the defendants, both parties seemed to conclude that the value of plaintiff's services and his liability upon the matters set up in the counterclaim could be more justly and accurately determined by a referee and the stating of an account by him. Having found no reversible error in the trial below, the judgment is affirmed.

No error.