J. B. H. KNIGHT v. S. J. EVERETT, ADMINISTRATOR.

(Filed 9 March, 1910.)

1. **Deceased Persons—Communications and Transactions—Services of Physician.**

   Testimony by a physician, the plaintiff, that he attended deceased as such, for which he had an account against him, of the number of visits, sum due therefor, etc., is incompetent, as being "personal transactions" with the deceased prohibited by the statute (Revisal, sec. 1631), the defendant not having testified as to such matters.

2. **Instructions—Limitations of Actions—Harmless Error.**

   When by the exclusion of evidence on appeal the plaintiff cannot recover in his action, it is unnecessary for the Supreme Court to consider the charge of the court on the statute of limitations on a different branch of the case, as such, if erroneous, would be harmless error.

APPEAL by plaintiff from *Cooke, J.,* at December Term, 1909, of MARTIN.

The facts are sufficiently stated in the opinion of the Court.

*S. A. Newell* for plaintiff.
*Winston & Everett* for defendant.

CLARK, C. J. This is an action for medical services rendered by the plaintiff, a physician, to the defendant's intestate. The plaintiff was offered as a witness in his own behalf to prove that he attended on the defendant; had an account against him therefor; to prove the items of the account, the number of visits he made, the sum due him therefor and the value of his services. Each of these questions was objected

to, and was properly ruled out. Such evidence was clearly as to "personal transactions" with the deceased and incompetent under the terms of the statute, Rev., 1631; *Bunn v. Todd,* 107 N. C., 266, and cases cited thereunder in the Annotated Ed., the defendant not having testified as to these matters.

The plaintiff cannot prove by his own testimony either an express contract which would be a "communication" with the deceased, nor an implied contract by showing a "personal transaction," as services rendered. *Dunn v. Currie,* 141 N. C., 125; *Davidson v. Bardin,* 139 N. C., 1.

The only other exception is to the charge of the court upon the statute of limitation and need not be considered, for, as by the exclusion of the plaintiff's testimony there was no indebtedness proven, any instruction upon the statute of limitation, if erroneous, would be harmless error.