JOHN P. ROOKER v. T. O. RODWELL, ADMINISTRATOR OF LUCY THOMPSON ET ALS.

(Filed 25 February, 1914.)

Contracts—Agreement for Support of Intestate—Executors and Administrators—Evidence—Paper-writing—Corroboration.

In an action on account against an administrator for the support and maintenance of his intestate, there was evidence tending to show that plaintiff, who had married a daughter of the intestate, moved upon the lands of the latter, cleared and cultivated same, and built a house thereon, wherein they all then lived, and that plaintiff supported the intestate in accordance with an agreement that it should be in consideration of his having the title to the land at her death. A paper-writing purporting to contain the agreement, signed by the mark of the intestate and witnessed, was found among the valuable·papers of the witness, after his death, in an envelope stating it belonged to the plaintiff and was to be given to no other person. The handwriting on the paper and envelope was that of the deceased witness thereto: *Held*, (1) a motion to nonsuit was improperly granted; (2) the paper-writing was competent in corroboration of the parol contract.

APPEAL from *Peebles, J.,* at September Term, 1913, of WARREN.

This was a civil action upon an account for the support and maintenance of the defendant's intestate, Lucy Thompson, deceased. At the conclusion of the evidence the court sustained a motion to nonsuit, and the plaintiff appealed.

*John H. Kerr for plaintiff.*

*T. T. Hicks, Tasker Polk, W. H. Yarborough, Jr., for defendant.*

BROWN, J.   The evidence offered by the plaintiff tends to prove that the plaintiff, the husband of the daughter of the defendant's intestate, resided with his mother-in-law upon the tract of land described in the pleadings; that plaintiff cleared the land, built a home on it for his wife, mother-in-law, and himself.

Upon this place these three people lived, the plaintiff and his wife having no children, the plaintiff supporting and maintaining the family until the two ladies died; Mrs. Thompson in the year 1906, and his wife about a year thereafter.

The plaintiff offered evidence to the further effect that he supported his mother-in-law, and that the services rendered were not rendered gratuitously, but it was understood that they were to be paid for by a conveyance to him of this land.

The evidence of Gupton tends to prove in substance that the intestate told him that Mr. Rooker said that he would not stay there unless she would give him title to the land, and that while the defendant's intestate was at his house, Mr. Rooker came there, and that she told Mr. Rooker in witness's presence, if he (Rooker) would have a paper written she would give it to him so he could stay there and take care of her.   Witness further testified that he heard no more of the trouble, and that the plaintiff supported, cared for, and maintained the defendant's intestate and put all the improvements upon the tract of land.

Plaintiff offers paper-writing marked "Exhibit A" in evidence, to rebut the presumption that the support of Mrs. Thompson was gratuitous.   (Objection; sustained; exception by plaintiff.)

EXHIBIT A.

STATE OF NORTH CAROLINA—Warren County.

March 14, 1881.

This is to certify that I have this day agreed to give James Rooker a right and title to my tract of land, known as a part of

165—6

the Tucker tract: *Provided,* he will take care of me my life-time, and treat me with good respect; and *Provided further,* that he is not to quarrel and drift me about; he must treat me as one of the family; and if said Rooker fails to comply with this agreement, then this paper will be null and void.

Witness: W. T. WILLIAMS.

LUCY $\times$ THOMPSON.

Her

mark.

There is evidence tending to prove that this paper-writing was found among the papers and in the safe of the late George W. Davis, who conducted a mercantile business near the home of the parties to this action, indorsed on the envelope containing the same in the handwriting of said Davis: "This paper belongs to James P. Rooker, and must not be given to any other person." It was handed to Mr. Rooker some time after the death of Mr. Davis, and after the death of Mrs. Thompson; the envelope which contained Exhibit "A" was marked Exhibit "B."

There is also the evidence of witness tending to prove that the entire paper is in handwriting of the subscribing witness. As the intestate made her mark, her handwriting is incapable of proof.

We are of opinion that his Honor erred in ruling out this paper upon the evidence and for the purpose offered. It is not relied upon by the plaintiff as the basis of the action, a contract to convey land, but is offered only to rebut any presumption or contention that the plaintiff's services were gratuitous. *Dunn v. Currie,* 141 N. C., 125; *Avitt v. Smith,* 120 N. C., 393.

The value and credibility of the evidence tending to prove the identity and execution of that paper is a matter for the jury.

New trial.