MRS. S. C. PULLIAM v. GEORGE O. HEGE, EXECUTOR.

(Filed 3 November, 1926.)

**Evidence—Deceased Persons—Cross-Examination — Statutes — Transactions and Communications—Appeal and Error—Objections and Exceptions.**

It is incompetent as a transaction with a deceased person (C. S., 1795), in an action against his estate to recover for services rendered him under a contract, for the plaintiff to testify as to personal services rendered by her as coming within her demand for damages, though brought out on her cross-examination, when the answer so elicited was not necessarily called for and exception was duly entered.

APPEAL by plaintiff from *Oglesby, J.,* at September Term, 1926, of FORSYTH.

Civil action to recover for board and services rendered Mrs. Emma Stevenson, now deceased, tried in the Forsyth County Court, where verdict and judgment was entered in favor of plaintiff; and on appeal to the Superior Court the cause was remanded for another hearing for error in the admission of evidence. From this order, the plaintiff appeals, contending that no reversible error was committed by the county court.

*Parrish & Deal and W. J. Swaim for plaintiff.*
*Swink, Clement, Hutchins & Feimster for defendant.*

STACY, C. J. The plaintiff, in her original complaint, sought to recover of the defendant the sum of $3,304.00 for services rendered Mrs. Stevenson during her lifetime. Later the amount was changed to $6,-500.00. On cross-examination, the plaintiff was asked why she had practically doubled her demand? Her answer was that she had omitted one year's account, and her services were really worth more.

In further explanation, the witness continued: "I done so much for her (objection as this involves a personal transaction; overruled; exception); I had to wait on her, 'tote' meals to her (objection; overruled; exception); I done everything I could for her and she promised me something and I thought I ought to have something." Motion to strike out; overruled; exception.

This evidence related to a personal transaction or communication between the interested witness and the deceased. It was, therefore, incompetent under C. S., 1795. The fact that it was limited to an explanation of why the plaintiff amended her complaint and asked for a larger sum does not render it competent. The statute excludes it for all purposes.

We do not think the defendant "opened the door" by asking plaintiff for an explanation as to why she had changed the amount of her demand. *Williams v. Cooper,* 113 N. C., 286. The question related to a matter which took place after the institution of the present suit.

The cause was properly remanded for a new trial.

Affirmed.