## WENCE v. WYKOFF.

1. **Services**: CARE OF RELATIVE: MEMBER OF FAMILY. Where the mother of the plaintiff's wife, who was aged and infirm, requested plaintiff to take her to his home and care for her, which he did, boarding and nursing her until her death, she being helpless and unable to perform any service during all the time, and it was shown that she expressed a desire to pay plaintiff for her care, it was held that she did not become a member of his family, and that he was entitled to recover the value of the services rendered by him and his family from her estate.

*Appeal from Benton Circuit Court.*

FRIDAY, DECEMBER 12.

THE defendant filed a claim in the Probate Court against the estate of which defendant is administrator for boarding and caring for the intestate. The claim was allowed, and defendant appeals.

*W. C. Connell*, for appellant.

No appearance for appellee.

BECK, CH. J.—I. The cause was sent to a referee who reported the facts substantially as follows: The intestate was 1. SERVICES: the mother of plaintiff's wife. She owned thirty-care of relative: member six acres of land and a few dollars worth of personal property. More than a year prior to her

death, being advanced in years and of infirm health so that she could perform no labor and was incapable of supporting and taking care of herself, she requested plaintiff to take her to his house and provide for her wants. He complied with her request and boarded her till her death, his wife and family nursing and caring for her. She was for much of the time after her removal bed-ridden, and at no time was she able or did she render any service to plaintiff. She expressed a desire to pay plaintiff for her board and nursing, with a fear that her property would not be sufficient for that purpose. The intestate had other children besides plaintiff's wife, none of whom contributed to her support. Plaintiff is a poor man, hardly able to support his own family. The referee, as a conclusion of law based upon these facts, found that plaintiff is entitled to recover from the estate the reasonable value of intestate's board and the services rendered to her by plaintiff and his family. The defendant excepted to the report of the referee, and moved to set it aside on the ground that the facts found do not support the conclusions of law reached by the referee. The exceptions and motion were overruled, and judgment was rendered upon the report. The errors assigned and urged in argument assail these rulings of the court. It is not claimed that the findings of facts are not supported by the evidence, indeed all the testimony is not found in the abstract.

II. The rulings of the Circuit Court in our opinion are correct. The facts found by the referee are amply sufficient to authorize the conclusion that a contract was entered into between the intestate and plaintiff. She requested plaintiff to render the services and furnish the support which she received, and expressed her purpose to pay therefor. She rendered no services to plaintiff, and did not live with him as a member of his family. The law will surely raise an implied contract whereby she became bound to render to plaintiff compensation. The near relationship existing between plaintiff's wife and intestate, in the absence of the facts that she became a member of his family, and rendered service for him, will not authorize the conclusion that her support was gratuitously provided for by plaintiff. It surely cannot be claimed that the intestate,

having been brought as an invalid to plaintiff's house for the purpose of receiving care necessary to prolong her life and for no other purpose, became a member of his family. She neither assumed nor discharged family duties; she was in plaintiff's house for the sole purpose of receiving care and nursing, and not as a member of his family. In this respect the case differs from *Scully v. Scully*, 28 Iowa, 548, and *Smith v. Johnson et al.*, 45 Id., 308.

III. In the cases cited by defendant's counsel the family relation was shown to exist and the party sought to be charged rendered services in the discharge of that relation. In these cases it was well held that an implied contract would be found only upon the clearest proof, or even that an express contract must be shown, to establish liability. See *Camble v. Ryman, Adm'r*, 26 Ind., 207; *King's Adm'r, v. Kelly*, 28 Ind., 29; *Daubenspeck, Ex'r, v. Powers*, 32 Ind., 42; *Hall v. Finch, Adm'r*, 29 Wis., 278.

When the family relation is shown not to have existed the rule does not prevail, because the reason upon which it is based does not exist. Members of a family serve the head thereof without compensation, and receive support without returning remuneration; one who becomes a member of the family cannot, therefore, be charged for his support. But in order to become a member of the family he must assume and discharge duties usually incumbent upon the individuals of the family. In the case before us the intestate assumed no such duties; she entered plaintiff's house as an invalid for care and nursing; it is shown that she expected to compensate plaintiff. In no sense and for no purpose was she a member of plaintiff's family. The judgment of the Circuit Court is

AFFIRMED.