R. S. AVITT v. J. W. SMITH, Administrator of A. R. T. Avitt, Deceased.

*Post Mortem Claim—Services Rendered Parent.*

1. The law does not look with favor on after-death charges for services rendered to a decedent in the absence of some agreement by the parties before the death.

2. In the absence of some contract, express or implied, showing an intention on the part of one to charge and the other to pay for services rendered, the presumption that the law raises of a promise to pay for services performed, is rebutted by the near relationship of the parties, such as parent and child, step-parent and child, grandparent, &c.

3. In an action against the administrator of plaintiff's mother for services rendered her before death, the plaintiff testified that he lived with her all his life, and for twenty-four years conducted her

farm and attended to all her business for her; that she, one sister and himself constituted the family; that he supported them and they supported him, and that they all consumed together what they made. A witness testified that he heard the mother say that she wanted the sixty acres of land for his services; *Held,* that a non-suit was proper.

CIVIL ACTION, tried before *Norwood, J.,* and a jury, at Spring Term, 1897, of STANLY Superior Court. From a judgment of non-suit the plaintiff appealed.

*Messrs. Bennett & Bennett,* for plaintiff (appellant).
*Messrs. Austin & Price,* for defendant.

FAIRCLOTH, C. J.: The plaintiff brought this action to recover for services rendered his mother, the intestate of defendant. The plaintiff testified that he lived with his mother all his life, and that from 1871 to 1895 he ran her farm and rendered her all the service he could and protected her, and in a general way attended to all her business. He, his mother and one sister, composed the family, and they all worked. He says: "I supported them and they supported me. We all consumed together what we made on the place." Another witness said he heard the mother say, in the presence of the plaintiff, that "she wanted the plaintiff to have 60 acres of her land in consideration for his services in taking care of her." His Honor's opinion being against the plaintiff, he submitted to a non-suit and appealed.

In ordinary dealings the law implies a promise to pay for services rendered by one for another. This presumption may be rebutted by the *relations* of the parties, as father and child, stepfather and child and grandfather and child, &c. In the absence of some contract, express or implied, showing an intention on the part of one to charge and the other to pay, the presumption is rebutted by the relation-

ship. The law does not look favorably on those after death charges, in the absence of some agreement by the parties before death. *Hudson* v. *Lutz,* 50 N. C., 217. The old lady's remark about the 60 acres of land showed her kind disposition, but fails to furnish any evidence of a contract or promise to pay. There was not sufficient evidence to go to the jury. *Dodson* v. *McAdams,* 96 N. C., 149. An analagous case was recently decided in this court where the reasoning is more fully stated. *Callahan* v. *Wood,* 118 N. C., 752, and cases cited.

Affirmed.