J. M. ELLIS, ADMR. OF SETH COX, DECEASED, v. CYRUS COX ET ALS.

(Filed 4 December, 1918.)

**1. Parent and Child — Contract — Services Rendered — Implied Promise to Pay—Son-in-Law.**

Services rendered by a child to his parent while living as a member of the family, including the relationship of son-in-law, are presumed to be gratuitous, and no recovery can be had therefor, in the absence of an express contract, when nothing appears except the relationship and the performance of the services; but, under certain circumstances, the jury may find as a fact an intent on the one part to charge and on the other to pay for the services rendered, whereupon the law will imply a contract to pay for their reasonable value.

**2. Same—Reference—Findings—Evidence—Intent.**

Where, upon the evidence, a referee has found as a fact that services rendered to a father by his daughter and her husband while living with him as members of his family were rendered and received in such manner and under such circumstances as created an implied contract to pay what they were reasonably worth: *Held*, the finding is sufficient and will be upheld; and the intent, though not appreciable to the senses, or announced, may be inferred from the circumstances; and the evidence thereof, in this case, is held to be sufficient.

**3. Parties — Parent and Child — Son-in-Law — Contracts — Assignment of Right—Judgments.**

Where the daughter and son-in-law have a valid claim against the father for services rendered him while living as a member of his family, and the daughter assigns her claim to her husband, who sues alone, though his recovery is sustained, yet she should have become a party to the action, in order that she may be bound by the judgment.

Ellis *v.* Cox.

APPEAL by defendants from *Webb, J.,* at the March Term, 1918, of
RANDOLPH.

This is an action by J. M. Ellis, administrator of Seth Cox, against
the distributees and heirs of the said Cox for an account and settlement
of the estate.

The controversy between the parties was as to a claim of the said
Ellis individually for the services of himself and wife, which was sent
to a referee for trial and heard in the Superior Court on exceptions to
the report.

The referee found the following facts in addition to those fixing the
value of the services and dealing with certain other charges:

1. Seth Cox, plaintiff's intestate, died on 21 March, 1914, and the
plaintiff, J. M. Ellis, qualified and gave bond as his administrator on
6 April, 1914.

2. About thirteen years before his death Seth Cox became totally
paralyzed on one side and was an invalid from that time until his death.
The plaintiff, J. M. Ellis, had married the intestate's youngest daughter
and was living at Mineral Wells, in the State of Texas, earning a salary
of $50 per month as clerk in a furniture establishment when, about two
years after the said intestate was stricken, he and his wife and their
oldest and then only child came to visit her parents, prepared to stay
and take care of them if needed. At the request of Seth Cox, the plain-
tiff J. M. Ellis, instead of returning to Mineral Wells, Texas, moved to
the farm of the said Seth Cox and lived there continuously with the
said Seth Cox until his death as aforesaid, having the complete control
and management of the farm and looking after and caring for the said
Seth Cox.

3. That during the three years next preceding 21 March, 1914, J. M.
Ellis and Elvira Ellis, his wife, looked after the said Seth Cox, who
was sick and confined to his bed practically all the time. They nursed
him, cared for him like a child, supplied his wants, and performed all
such services and rendered all such assistance needed under the circum-
stances, except for some assistance rendered by Mary E. Cox, the wife
of the said Seth Cox, who was herself an old woman of feeble health,
capable of assistance to a limited extent only. That the paralysis of
the deceased was of such character as to render him incapable of control
over himself, and on account thereof the task of nursing and caring for
him was made exceedingly unpleasant and burdensome. During the
period of three years the deceased was at times irritable and frequently
required care and attention both day and night. The plaintiff and his
wife, one or both, provided the food for the intestate, whose appetite
was generally good notwithstanding his practically helpless condition,
cooked it for him, built his fires, and attended to giving medicine pre-.

scribed by physician. The attention required was such as to confine the said J. M. Ellis and his wife very closely at home, so that they never had an opportunity of going away together and rarely were either of them able to get away except in cases of necessity.

4. The entire time of J. M. Ellis was not taken up in services rendered the estate as he had time to see to the cultivation of the farm and make necessary repairs and improvements thereon, together with such incidental work as was required.

5. The entire time of the plaintiff's wife was not taken up in serving the intestate inasmuch as she had time to and did wash and cook for the whole family and do such other work as was necessary about the household.

6. That J. M. Ellis and his wife and children lived with the said Seth Cox and wife, Mary E. Cox, all as members of one and the same family after he moved from Mineral Wells, Texas, up until the death of the said Seth Cox, on the farm owned by the intestate.

7. There was no express contract between J. M. Ellis and wife, or either of them, and Seth Cox with respect to the performance of the services they did perform, or with respect to compensation therefor, but the said services were rendered and received in such manner and under such circumstances as created an implied contract on the part of the said Seth Cox to pay for said services what they were reasonably worth.

18. That Elvira Ellis, plaintiff's wife, has never made or presented any separate claim or demand for the services rendered by herself to the said deceased, but she gave her service to her husband, J. M. Ellis, with her right of action therefor.

Exceptions were filed to the report, which were duly considered, and the court approved and confirmed the findings of fact and rendered judgment in favor of the claim of said Ellis, and the defendants excepted and appealed.

*J. A. Spence and Hammer & Moser for plaintiff.*
*Brittain & Brittain and Parker & Long for defendant.*

ALLEN, J. The principle is fully recognized in this Court that services rendered to the parent by a child while a member of the family are presumed to be gratuitous, and that no recovery can be had therefor, in the absence of an express contract, when nothing appears except the relationship and the performance of the services (*Abitt v. Smith,* 120 N. C., 392; *Hicks v. Barnes,* 132 N. C., 150, and other cases), and it has been held that a son-in-law who lives with his mother-in-law as one family comes within the principle. *Callahan v. Wood,* 118 N. C.,

752. Circumstances may, however, exist from which the jury or a referee may find as a fact an intent on the one part to charge and on the other to pay for the services, and upon this being found the law implies a contract to pay the reasonable value of the services, and this is the meaning of the finding by the intelligent referee that "the said services were rendered and received in such manner and under such circumstances as created an implied contract on the part of the said Seth Cox to pay for said services what they were reasonably worth," and the defendants admit there was evidence to support the finding, if one of fact.

The intention of parties is "not the object of sense," "it cannot be seen or felt," "is not usually announced," and "will be gathered from all the circumstances." *S. v. McBryde,* 97 N. C., 397.

In this case the evidence is not sent up because of the admission of the parties that there was evidence to sustain all the findings of fact, and therefore we cannot see all the circumstances apparent to the referee, but it does appear that the daughter had left her father's home and married; that she and her husband had moved to another State, where the husband was engaged in business, indicating the purpose to establish a permanent home there; that finding that Seth Cox, the father, had become paralyzed they came to this State to visit him, and remained at the request of the father as one of the family and performed the services for which a recovery is sought, which brings the case within the principle of *Winkler v. Killian,* 141 N. C., 575, in which a recovery by a son for services to the mother was sustained, and the Court said: "Counsel have not cited, nor have we been able to find, any case in this State where an adult child making a claim for services had removed from the home and family of the parent, had married and assumed the care and responsibility of a family of his own for and during the time the services were rendered. Courts of the highest authority in other jurisdictions, however, have dealt with the matter, and have held that in such cases the general rule obtains that where such services are rendered and voluntarily accepted, a promise to pay therefor will be implied."

The differences between the *Winkler case* and this are that in the first the son was not living in the same house, but near her house, which is a circumstance in favor of the defendant's contention, and in this the son-in-law and his wife had abandoned their home in another State at the request of the father to serve him, which favors the position of the plaintiff, but neither circumstance is conclusive, but are relevant on the intention of the parties.

The findings of the referee, supported by evidence, are conclusive of

the right of the husband to recover for the earnings of the wife, but she ought to be made a party to the record in order that she may be bound by the judgment.

Affirmed.