WILLIAM P. WALKER v. HARVEY R. BERGEN, ADMINISTRATOR OF ESTATE OF CHARLES F. WALKER, DECEASED.

Argued October 6, 1925—Decided March 18, 1926.

Contracts—Services Rendered and Voluntarily Accepted Imply Promise to Pay, Except Where Services are Rendered by Members of Family to Each Other Living as One Household —Held, That the Limitation Does Not Apply to Present Case —These Services Were Not Such as Are Ordinarily Rendered by One Member to Another—But Even if the Rule Applied, it was for the Jury to Determine Whether the Evidence Left the Case "in Equipoise"—There was Testimony From Which This Could be Found—Also, it was for Jury to Determine Whether Father Did Not Intend to Compensate Son.

On defendant's rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Alvin W. Sykes.*

*Contra, W. Holt Apgar.*

PER CURIAM.

The plaintiff is a son of the defendant's intestate, and brought suit to recover compensation for services rendered by him to his father on the latter's farm, for the period of six years preceding the father's death. The father was a farmer in Mercer county and was seventy-five years old at

the time of his death. Two of his sons, the plaintiff and his brother, Edward, although married, remained at home and worked on the farm for their father up to the time of his death. The plaintiff was never paid anything for his services. He had a home with his father, where he lived with his wife and child.

Plaintiff has a verdict of $7,200, which defendant seeks to set aside, urging two reasons.

The first is that the trial court should have nonsuited the plaintiff, upon being moved so to do, for the reasons—(a) that there was no proof of an express contract between the plaintiff and the decedent whereby decedent undertook or agreed to pay the plaintiff for the services rendered; (b) the circumstances under which the services were rendered were such as not to exhibit a reason or proper expectation that there would be compensation.

The contention seems to be that as there was no specific agreement for compensation between the father and the son, there is no implication that the father expected to pay, or that the son expected to receive, compensation for the work done. The doctrine appealed to is that contained in the opinion of the Court of Errors and Appeals in *Disbrow* v. *Durand*, 54 *N. J. L.* 343, where this language is employed in stating the rule: "Ordinarily, when services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where the services are rendered by members of a family, living as one household, to each other, there will be no such implication from the mere rendition and acceptance of the services. In order to recover for the services, the plaintiff must show either that an express contract for remuneration existed or that the circumstances under which the services were rendered were such as exhibit a reasonable and proper expectation that there would be remuneration. The reason of this exception to the ordinary rule is, that the household family relationship is presumed to abound in reciprocal act of kindness and good-will, which tend to the mutual comfort and

convenience of the members of the family and are gratuitously performed, and, where that relationship appears, the ordinary implication of a promise to pay for service does not arise, because the presumption, which supports such implication, is nullified by the presumption that between members of a household services are gratuitously rendered. The proof of the services, and as well of the family relation, leaves the case in equipoise, from which the plaintiff must remove it or fail."

We think that this rule is limited to household services and has no application to the present case. The services which plaintiff sought to be compensated for were not such as are ordinarily and usually rendered by one member of a family or household to another. But even if this rule does apply, it was for the jury to determine whether or not the evidence left the case "in equipoise," or was sufficient to carry it beyond, thus entitling plaintiff to recover. There was testimony from which this could be found, and its weight was for the jury to determine.

Again, it was for the jury to determine whether the father did not intend to compensate the son, and the son so expect, through some provision in the father's will. There was evidence to support such finding, and, under such circumstances, a recovery could be had upon a *quantum meruit* upon the principle laid down in *Smith* v. *Smith*, 28 *N. J. L.* 208.

The other reason urged is that the verdict is excessive. The verdict of $7,200 represents compensation at the rate of $100 per month for six years, which, in our judgment, under the proofs in this case, is not excessive.

The rule will be discharged, with costs.