### LEANNA STALEY v. LUZINA LOWE.

(Filed 22 May, 1929.)

1. **Executors and Administrators D a—In this case held evidence of express promise to pay for services rendered deceased insufficient.**

   Evidence that the deceased's mother had told the witness, her son, in plaintiff's absence, that "whoever waited on her should have all that she had" is too vague and indefinite to constitute an express contract to pay her daughter for services rendered, and the daughter may not recover thereon, after her mother's death, against the administratrix.

2. **Same—Child living with mother as family may not recover on implied promise to pay for services rendered deceased.**

   An adult child living with her mother as a part of the family, and rendering services to her cannot after her mother's death recover their value upon a *quantum meruit*, it being assumed that the services were rendered gratuitously in the absence of evidence to the contrary, and the mere ren-

dition of the services is insufficient evidence of an expectation of payment on one hand and the intention to pay on the other, and the mere moving from the old family home to a new home without evidence of a change in the relationship is insufficient to change this result, and defendant's motion as of nonsuit is properly granted.

CIVIL ACTION, before *Townsend, J.,* at March Term, 1928, of RAN-DOLPH.

The plaintiff is a daughter of Martha Staley, who died intestate on or about 6 February, 1923. The defendant is also a daughter of the deceased.

The deceased lived at the home place after the death of her husband, although it seems no dower had been allotted to her and by common consent she was occupying the entire plantation. About the year 1919 the plaintiff and her sister, who were unmarried and who had previously been living with the deceased, bought a tract of land and moved to their own property and took their mother with them to their new home. The evidence discloses that the mother and two daughters lived together in the same house until the death of the mother. Upon the death of the mother, plaintiff instituted an action against the defendant on 23 April, 1925, to recover for services rendered her mother, Martha Staley. The defendant resisted the action upon the ground that there was no express contract and that the plaintiff could not recover on *quantum meruit* for the reason that the mother and daughters lived together as one family.

Two issues were submitted to the jury, as follows:

"1. What amount, if any, is defendant indebted to plaintiff?

"2. Is plaintiff's cause of action barred by the three-year statute of limitations?"

The jury answered the first issue, "$1,000," and the second issue, by direction of the court, "Yes, except nine months and sixteen days."

From judgment upon the verdict the defendant appealed.

*No counsel for plaintiff.*
*J. A. Spence for defendant.*

BROGDEN, J. The plaintiff bases her cause of action upon two theories:

1. That there was an express contract between the plaintiff and the deceased to pay for services rendered.

2. That if there was no express contract, the law implied a promise by the deceased to pay the reasonable worth of the services rendered by the plaintiff and accepted by the deceased.

The only evidence relied upon to establish an express contract was the following statement by a brother of the plaintiff: "Martha Staley

said whoever waited on her should have all that she had. I heard her make that statement before and after going to the Smith place." It does not appear from the evidence that the plaintiff was present when these conversations took place, or that they were communicated to her by her brother. Moreover, the statement itself was too vague, uncertain and indefinite to constitute a contract. *Brown v. Williams,* 196 N. C., 247.

Upon the second theory involving *quantum meruit,* the law is thus stated in *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540: "It is equally well established that when a child resides with a parent as a member of the family or with one who stands to the child in *loco parentis,* services rendered under such circumstances by the child for the parent are, without more, presumed to be gratuitous and no promise will be implied and no recovery can be had without proof of an express and valid promise to pay, or facts from which a valid promise to pay can be reasonably inferred. This last position is usually considered as an exception to the general rule, and in this and most other jurisdictions obtains both as to adult and minor children. Wherever the same has been applied, however, to claims by adult children so far as we can discover, it has been made to depend not alone on the fact of kinship in blood, but also on the fact that the adult child has continued to reside with the parent as a member of the family."

In the case at bar the plaintiff and her mother lived together as one family at the old home place. The plaintiff purchased a new home and the family moved away from the old home to the new home. We see nothing in the evidence to indicate there was any break in the family unity except the mere fact of moving together from one place to another. Furthermore, there is no evidence in the record tending to show that the services were rendered in expectation of payment or that deceased intended to make payment, except perhaps the mere fact of the rendition of services. There is no decision in this jurisdiction where such family relationship exists holding that the mere rendition of services, without more, is sufficient evidence of an expectation of payment on one hand and the intention to pay on the other. *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540; *Dorsett v. Dorsett,* 183 N. C., 354, 111 S. E., 541; *Ellis v. Cox,* 176 N. C., 616, 97 S. E., 468.

We therefore hold that the motion for nonsuit should have been allowed.

Reversed.