MARY NESBITT v. J. T. DONOHO, ADMINISTRATOR, AND J. E. NESBITT v. J. T. DONOHO, ADMINISTRATOR.

(Filed 30 December, 1929.)

**Executors and Administrators D a—In this case held plaintiffs could recover upon quantum meruit for services rendered deceased.**

> The value of services gratuitously rendered to a deceased person preceding his death are not recoverable against his estate, and while in certain family relationships these services are presumed to be gratuitous, this may be overcome by proof of an agreement to pay, or of facts and circumstances permitting the inference that payment was intended upon the one hand and expected on the other, in which case recovery may be had upon a *quantum meruit*.

APPEAL by defendant from *Finley, J.,* at July Term, 1929, of BUN-COMBE.

Civil actions, brought separately, but, by consent, consolidated and tried together, to recover for services rendered by plaintiffs to defendant's intestate during the last several years of his life.

The evidence tends to show that from 20 August, 1924, when W. J. Nesbitt, father of the male plaintiff, suffered a stroke of paralysis, until his death, 31 July, 1927, the plaintiffs, at the request of defendant's intestate, moved into the home of the said W. J. Nesbitt and ministered to his necessary wants, looked after him in his affliction, cared for him and his wife in their old age, and discharged many onerous duties of a menial nature, under such circumstances and in such manner as reasonably called for compensation, which the jury found was intended to be given and expected to be received.

Upon denial of liability, and issues joined, there was a verdict and judgment for plaintiffs, from which the defendant appeals, assigning errors.

*Zeb. F. Curtis and Harkins & Vanwinkle for plaintiffs.*
*Alfred S. Banard for defendant.*

STACY, C. J. Services rendered gratuitously to one in his lifetime may not successfully be used as the basis of an action against his estate, and, in certain family relationships, the law presumes that such services were intended to be gratuitous. *Henderson v. McLain,* 146 N. C., 329, 59 S. E., 873; *Staley v. Lowe,* 197 N. C., 243. But this is a presumption which may be overcome or rebutted by proof of an agreement to pay, or of facts and circumstances permitting the inference that payment was intended on the one hand and expected on the other. *Dunn v. Currie,* 141 N. C., 123, 53 S. E., 533; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233.

The present case, we think, falls within the class supporting a *quantum meruit* recovery. *Winkler v. Killian*, 141 N. C., 575, 54 S. E., 540. The ruling of the court in this respect is approved.

While not material, the case elicited a bit of mountain vernacular, perhaps worthy of preservation. It was in evidence that the plaintiffs' little daughter, eight or nine years of age, was often seen "doing many chores around the house, toting in stovewood and fetching water from a spring about 200 yards away," which, in answer to the question as to whether it was uphill or downhill from the house to the spring, the witness described it as being "downhill a-going and uphill a-coming."

We have discovered no action or ruling of the trial court which, we apprehend, should be held for reversible error. Hence, the verdict and judgment will be upheld.

No error.