MYRTLE HICKS ANDERSON v. W. P. THORNBURG, ADMINISTRATOR OF
J. A. HICKS, DECEASED.

(Filed 21 December, 1932.)

**Executors and Administrators D a — In this action to recover upon quantum meruit for services rendered deceased the evidence is held insufficient.**

Evidence tending only to show that the plaintiff, after separation from her husband, voluntarily returned to her father's house and performed regular housework therein and nursed her father until his death, without any evidence that she expected compensation or that her father intended to pay for services so rendered, *is held* insufficient to be submitted to the jury in an action to recover for such services upon a *quantum meruit,* it being manifest that the daughter performed such services as a member of the family after the family relationship had been reëstablished.

CIVIL ACTION, before *Clement, J.,* at March Term, 1932, of RANDOLPH.

The plaintiff is the daughter of J. A. Hicks, the deceased, who died intestate on or about 14 April, 1928. The defendant, Thornburg, duly qualified as administrator of said J. A. Hicks on or about 30 April, 1928, and duly published notice for creditors as prescribed by law. Thereafter, on 14 May, 1930, the administrator filed a final account in the office of the clerk of the Superior Court showing receipts aggregating

$1,212.28, the payment of all debts, and that the children and distributees of J. A. Hicks, deceased, including plaintiff, had received the sum of $85.92 each in full payment of the distributive share in said estate. The evidence further disclosed that the plaintiff had married and moved away from the home of her father, but that on or about 1 December, 1927, she returned to the home of her father and remained in his home until his death. The plaintiff alleges that she left her home and returned to her father's home at his request and because he was in need of someone to care for him. She further alleged that she remained in the home of her father, doing all the house work, and waited upon him until his death, and that the reasonable value of her services so rendered was $1,000. The suit was instituted on 14 November, 1930. The defendant denied that any agreement existed between the deceased and the plaintiff, his daughter, and alleged that plaintiff had returned to the home of her father after a separation between herself and her husband, taking her infant child with her, and that the family relationship was reëstablished.

At the conclusion of the evidence there was judgment of nonsuit, and the plaintiff appealed.

*W. C. York and Brittain & Brittain for plaintiff.*
*A. I. Ferree and H. M. Robins for defendant.*

PER CURIAM. There is no evidence of an express contract. Consequently the right to recover rests upon *quantum meruit.* The testimony is not set forth in full. Hence the plaintiff must rely upon certain generalizations of evidence as contained in the record. These may be summarized as follows:

(a) "There was evidence that the plaintiff had married and moved away from her parents and lived with her husband in different places and at different times, and when she and her husband separated she came back to her father."

(b) "That on 1 December, 1927, she came back to her father's home and lived there continuously until his death, and that during the time she was there she did all kinds of housework, chopped wood, washed, and did everything a housewife does, and waited on them until the time of his death."

(c) "There was evidence that the entire family consisted of J. A. Hicks and his wife, Christine Hicks, the plaintiff and her boy."

Manifestly the foregoing evidence demonstrates that an adult daughter, after separation from her husband, voluntarily returned to the home, thus reëstablishing the one family relationship. She worked faithfully in the home, but apparently as a member of the family. There is no

evidence that she expected compensation or that her father intended to pay for services so rendered. Therefore, the judgment of nonsuit is in full accord with the principles heretofore declared. *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540; and *Staley v. Lowe,* 197 N. C., 243, 148 S. E., 240.

Affirmed.