HUBERT LAMB v. L. C. SMITH, EXECUTOR OF LESSIE ROBINSON, DECEASED, AND ISABELLA ROBINSON AND CHARLIE ROBINSON.

(Filed 19 April, 1939.)

**Wills § 5—**

> Evidence *held* insufficient to show a contract by testator to devise property to plaintiff and defendants' motion to nonsuit was properly granted upon authority of *Brown v. Williams,* 196 N. C., 247.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1938, of SAMPSON. Affirmed.

The defendant, L. C. Smith, is the executor of Lessie Robinson, deceased; and Isabella and Charlie Robinson are the legatees under the will.

This is an action brought by plaintiff against defendants to recover $1,000, being the fair net value of all property left by Lessie Robinson, deceased. The plaintiff claimed that he built a house on a lot owned by Lessie Robinson. The complaint alleges: "That the said Lessie Robinson informed this plaintiff that she was unable to finish said house and told plaintiff that if he would finish said house that she, the said Lessie Robinson, would make a will devising all of her property, including said house and lot, to this plaintiff. That plaintiff accepted

her said proposition thereby making same a binding contract between the said Lessie Robinson and this plaintiff; and thereupon the plaintiff secured materials and workmen and completed the house on the said lot described above, according to his contract and agreement with the said Lessie Robinson, expending in all upon said building the sum of $401.50, which was reasonable and necessary to complete same, thereby performing in full his contract with the said Lessie Robinson. That the said Lessie Robinson died on 26 November, 1936, testate, leaving a will appointing L. C. Smith her executor, and devising all of her property to the defendants Isabella Robinson and Charlie Robinson, said will has been probated in common form and filed in the clerk's office of Sampson County on 17 December, 1936, and recorded in Will Book No. 9, p. 365, to which reference is hereby made and the contents of said will is hereby incorporated as a part of this article. And that the said L. C. Smith is the duly qualified and acting executor under the will of Lessie Robinson, deceased. That the said Lessie Robinson, having failed to repay the plaintiff the $401.50 and interest, or any part thereof, and having died on 26 November, 1936, without making and leaving a last will and testament, devising said house and lot and other property to this plaintiff; but, to the contrary, devised same to the defendants Isabella Robinson and Charlie Robinson, in violation of her said agreement and in breach of her said contract with this plaintiff, whereby he has been damaged to the extent of the full value of said property, which at the date of her death was $1,000.00, with interest thereon from said date."

The defendants denied the material allegations of the complaint.

*Butler & Butler for plaintiff.*
*J. D. Johnson, Jr., for defendants.*

PER CURIAM. At the close of plaintiff's evidence, the court below on motion of the defendants, rendered judgment as in case of nonsuit against plaintiff. C. S., 567. In this we can see no error.

After a careful review of the evidence, we think it too vague and indefinite to be construed as a contract or to give plaintiff a cause of action against defendants. What was said as to mutual wills was no contract, but was evidence of an intention performed by neither. There was no meeting of the minds that the one that outlived the other would get the property.

As was said in *Brown v. Williams,* 196 N. C., 247 (250): "There is nothing to indicate, in the expressions made by defendant's testator, any certain or definite promise or contract, either express or implied, to make a testamentary provision in his will in favor of plaintiff. The

expressions were not even made to plaintiff, but to others. It was an appreciation and intention, but not an obligation. *Dodson v. McAdams,* 96 N. C., 149; *Avitt v. Smith,* 120 N. C., 392."

We think the *Brown case, supra,* similar to the present action. In the judgment we can see no error.

Affirmed.