253 P.2d 236

**WASSON v. WASSON.**

No. 7880.

Supreme Court of Idaho.
Feb. 17, 1953.

Charles F. Reddoch and Charles S. Stout, Boise, for appellant.

Glenn A. Coughlan, Boise, for respondent.

KEETON, Justice.

Plaintiff, respondent here, brought this action against the administratrix of the estate of Ernest I. Wasson, deceased, to recover on a quantum meruit for services rendered deceased for a period of time between May, 1945, and February, 1951. Deceased died February 22, 1951.

Defendant, administratrix, denied that the work and labor were performed, and in an affirmative defense alleged that any labor and services performed by plaintiff for the deceased during the time alleged in the complaint were performed while the said plaintiff was a member of the family of his son, Ernest I. Wasson, and while the said father, plaintiff, was dependent on his son for support, and the services were performed gratuitously. On a trial, the jury rendered a verdict in favor of plaintiff for the sum of $1,200. Judgment was entered. Defendant appealed.

The essential facts: Plaintiff is the father of the deceased. In May, 1946, the deceased purchased one and one-half acres of ground near Boise and later an adjoining tract, the whole property comprising approximately two and one-third acres of unimproved land. Plaintiff owned a team of horses, some farm equipment and machinery, and was himself engaged in the business of working for others, using his team and machinery.

After the land was purchased by the son, and during the period for which respondent claimed compensation, with the knowledge and consent of the son, respondent mowed the weeds growing on the son's land, plowed, disked and leveled the land; planted it to grain and pasture; built a substantial fence around the entire premises; constructed irrigation ditches, built a barn, chicken coop and cesspool; removed a large concrete cellar; assisted the

deceased in constructing a residence on the premises; cared for cattle, chickens and pigs owned by his son; harvested the crops, cut the hay, and did other work.

As a whole the evidence proved, without substantial contradiction, that respondent rendered valuable and necessary services for the deceased of a hard and arduous nature, for the period of time alleged; and much of the work done was a substantial improvement to deceased's land.

From the time of the purchase of the land by the son until the residence was constructed in July, 1948, plaintiff owned and lived in a trailer house either on, or adjoining the deceased's land, cooked his own meals and batched, and continued to live in the trailer house separate from the son after the son's house was completed, although after the house was completed (1948) plaintiff took some of his meals at the son's residence. In doing the work, plaintiff used his team and farm machinery. Following the construction of the improvements on the land, plaintiff cared for livestock, milked cows, raised calves, hogs and chickens, the income from which went to the son.

There is no evidence that would sustain the contention that the respondent (father) was dependent on the son for support. The appellant (administratrix) testified that the respondent was furnished some articles of food and clothing, but the extent or the amount, or the value, or the times at which they were so furnished were nowhere shown. Such articles were in the nature of gifts and not in payment of the services performed.

In assignments of error appellant contends that the verdict of the jury is contrary to and not supported by the evidence for the reason that the relationship of parent and child existed between the parties, and a family relationship existed for a part of the time during which the work for which compensation is claimed was being done, and claims no evidence was presented to overcome the presumption of gratuity for services arising from the relationship.

Where services are rendered and voluntarily accepted, the law implies a promise upon the part of the recipient to pay what such services are reasonably worth. Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616.

Where the services are rendered by members of a family to each other, living in one household, no such implication from the mere rendition and acceptance of services exists, and the law will presume they were gratuitous favors merely prompted by friendship, kindness and the relationship between them. Hartley v. Bohrer, supra.

In the matter now before us, the defendant did not plead and neither did she prove, that the plaintiff lived in the same household with the son. The facts are, for the greater portion of the time in controversy they lived separate and occupied dif-

ferent residences. While a part of the time plaintiff took some of his meals in the son's residence, the proof does not establish that the plaintiff was a member of the family, or of a household under one head, or one domestic government, with reciprocal, natural or moral duties to support or care for one another.

The evidence shows plaintiff was engaged in business for himself, that is, doing farm and other work with team and equipment which he owned. Further, the father put valuable improvements on the son's property at a time when they were living in different households. Thus, the family relation was not maintained or shown to exist.

Hence, the rule that where a parent and child are living together in one family in the same household, the services of the parent will be presumed to be gratuitous, does not apply.

A distinction should be made between the cases where the one family household relationship exists, and where the parties are living separate under different roofs, and not under the head of one domestic government.

■ Where the relationship of parent and child is shown to exist, something more must be shown than the mere fact that service was rendered by the one to the other in order to overcome the gratuitous presumption; the mere rendition or furnishing of the services, standing alone, does not raise an implied contract for compensation. However, this presumption of gratuity is rebuttable and the question of whether a claim by a parent against a child for services is to be allowed must be determined from all the facts and the circumstances of the case. The facts in this case show the presumption of gratuity has been overcome and that there was an implied promise to pay. 71 C.J. 70, Sec. 32; In re Fox' Estate, 131 W.Va. 429, 48 S.E.2d 1, 7 A.L.R.2d 8, etc.; Winkler v. Killian, 141 N.C. 575, 54 S.E. 540, 115 Am.St.Rep. 694; Ellis v. Cox, 176 N.C. 616, 97 S.E. 468; Nesbitt v. Donoho, 198 N.C. 147, 150 S.E. 875; Patterson v. Rehfuss, 250 Ala. 508, 35 So.2d 330; Brown v. Cummings, 27 R.I. 369, 62 A. 378; Ibach v. Hoffman, 184 Or. 296, 198 P.2d 266; Peters v. Poro's Estate, 96 Vt. 95, 117 A. 244, 25 A.L.R. 615; Wence v. Wykoff, 52 Iowa 644, 3 N.W. 685; In re Bishop's Estate, 130 Iowa 250, 106 N.W. 637; Snyder v. Nixon, 188 Iowa 779, 176 N.W. 808; Waker v. Bergen, 132 A. 669, 4 N.J.Misc. 332; Johnston v. Johnston, 182 Wash. 573, 47 P.2d 1048.

■■ A family within the meaning of the family relations doctrine is defined as a collective body of persons who form one household under one head and one domestic government. Hartley v. Bohrer, supra. Hence we conclude that there was sufficient evidence to warrant the conclusions made by the jury that there was an implied promise to pay the reasonable value of the services performed.

Appellant further assigns as error the refusal of the court to give certain re-

364

quested instructions, and the giving of others claimed by appellant to be erroneous.

■ Requested instruction No. 1 complained of was given in substance in other instructions. Where a requested instruction is fully covered in substance by other instructions, it is not error to refuse to give the requested instruction.

■ Defendant's requested instruction No. 2 complained of assumed a statement of facts not supported by the evidence, and the pertinent parts of the instruction applicable to the case were fully covered by other instructions given.

■ The giving of instruction No. 6 complained of was not unfavorable to the defendant and in all pertinent parts was a correct statement of the law.

Instruction No. 6a complained of reads as follows:

"You are instructed that 'family relationship' means a collective body of persons who form one household under one head and one domestic government, and who have reciprocal, natural or moral duties to support one another."

The rule as given in the instruction is supported by Hartley v. Bohrer, supra, and is correct.

Instruction No. 7 complained of is not unfavorable to the defendant, and in substance correctly states the rules applicable to the case.

■ Instruction No. 8, complained of had to do with the burden of proof, and advised the jury that the plaintiff must prove an implied contract to pay before he will be entitled to recover, and further advised the jury: " * * * the burden of proving that no such contract arose is with or upon the defendant."

The language quoted refers to the affirmative defense of the defendant and while it is in conflict with other parts of the instruction, it is not so erroneous as to warrant a reversal of the judgment.

When the instructions are taken as a whole, we do not see how the jury could have been misled to the defendant's prejudice.

■ Appellant further assigns as error the refusal of the court to admit in evidence exhibits A, B and C, being income tax reports of the deceased for some of the years in which it was claimed the work was done. In these income tax reports the deceased claimed the father as a dependent. There is no showing that the plaintiff knew the deceased was claiming him as a dependent. The exhibits were hearsay and had no probative value in determining the issues, and were properly excluded.

We find no reversible error. The judgment is affirmed.

Petition for rehearing is denied.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.