882 P.2d 457

**In the Matter of the ESTATE OF Barbara Louise Hurst KEEVEN, deceased.**

**Sylvester H. KEEVEN, Plaintiff–Counterdefendant–Appellant,**

v.

**ESTATE OF Barbara Louise KEEVEN and Lila Wakely, individually and as Personal Representative of the Estate of Barbara Louise Hurst Keeven, Defendants–Counterclaimants–Respondents.**

No. 20317.

Court of Appeals of Idaho.

Sept. 23, 1994.

John B. Kugler, Pocatello, for appellant.

Moss & Esplin, Blackfoot, for respondents. DaLon Esplin, argued.

LANSING, Judge.

Sylvester Keeven appeals from a summary judgment dismissing his complaint against the estate of his deceased wife, Barbara, and granting relief on a counterclaim filed by the estate. We reject Mr. Keeven's argument that the magistrate lacked jurisdiction to hear this case. We also reject his contention that the summary judgment order and an order consolidating this action with the proceeding for probate of the decedent's will and administration of her estate should be reversed due to inadequate notice of the hearing on those motions. We do, however, vacate the summary judgment on one cause of action by which Mr. Keeven sought to recover against the estate on a theory of unjust enrichment for monies and labor he expended in building Barbara's house before they were married. We remand the case for further proceedings on that claim.

## I.

### BACKGROUND

Sylvester Keeven met his future wife, Barbara Hurst, sometime in the early 1970s. During the course of their ensuing friendship, according to Mr. Keeven, he began to stay with Barbara at her rented home in Lava Hot Springs on occasions when he could not return to his own ranch outside of town because of the weather. The two began to discuss marriage but postponed marrying because of Barbara's failing health.

In about 1976, Mr. Keeven and a contractor began building a house for Barbara on a plot of land she had purchased. The house was completed in 1978, and an adjacent garage, which Mr. Keeven asserts that he constructed, was built that same year. In 1980, Sylvester Keeven and Barbara were married.

Barbara died in 1982. A proceeding to probate her will was commenced (magistrate division case number SP–2021) and Barbara's sister, Lila Wakely, was appointed personal representative. In the probate proceeding Mr. Keeven contested the personal representative's characterization of the house as the decedent's separate property rather than community property, and he also sought a determination that he was a spouse omitted from the will and entitled to a share of the estate pursuant to I.C. § 15–2–301. When these issues were decided adversely to Mr. Keeven, he filed an interlocutory appeal. The Idaho Supreme Court affirmed the magistrate's decision. *In re Estate of Keeven*, 110 Idaho 452, 716 P.2d 1224 (1986).

During the pendency of that appeal, Mr. Keeven filed in the district court the present action (district court number 38733–A) against the estate and the personal representative. The first two counts of the amended complaint in this action assert claims against the estate, apparently sounding in contract, for services that Mr. Keeven allegedly provided to the decedent and for labor and materials he contributed to the construction of her home and garage before they were married. The third cause of action alleges an unjust enrichment claim in the amount of $22,000 for the same contribution of labor and materials. The fourth and fifth causes of action seek recovery from the personal representative, not the estate, for alleged breach of fiduciary duty and infliction of emotional distress in connection with the personal representative's denial of various claims against or interests in the estate asserted by Mr. Keeven.

Shortly after this case was filed, it was transferred to the magistrate division by district court order. In November 1989, after a four-year period of inactivity in this case, the personal representative moved for summary judgment on Mr. Keeven's complaint and on a counterclaim filed by the estate. The magistrate granted summary judgment in favor of the estate and personal representative on all of Mr. Keeven's causes of action and on the counterclaim. The magistrate also awarded attorney fees to the estate under I.R.C.P. 54(e)(1) and I.C. § 12–121, finding that Mr. Keeven had brought or pursued the claims frivolously, unreasonably or without foundation. Mr. Keeven appealed to the district court, which affirmed the magistrate in all respects.

On appeal to this Court, Mr. Keeven asserts error below as follows: (1) the district court erred in transferring this action against the estate to the magistrate division; (2) the order for summary judgment and order consolidating this case with the probate action were improper because Mr. Keeven did not receive adequate notice of the hearings on the motions; (3) there are issues of fact which preclude summary judgment on Mr. Keeven's cause of action for unjust enrichment; and (4) the magistrate erred in awarding attorney fees to the estate.

## II.

### ASSIGNMENT TO THE MAGISTRATE

Mr. Keeven first argues that the district court erred in transferring the present action to the magistrate division. Mr. Keeven relies upon I.C. § 15–3–804, which provides that once a claim has been denied by the personal representative, "the claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to personal jurisdiction, to obtain payment of his claim against the estate ..." Mr. Keeven

maintains that this statute confers upon him the right to pursue his claim in the court of his choosing, and that he chose to proceed in the district court. He also argues that because the relief requested in this action exceeds $10,000, it is not within the jurisdictional limit for civil actions assignable to magistrates pursuant to I.R.C.P. 82(c)(2)(A).

 Mr. Keeven's argument misapprehends Idaho law regarding the matters which may be assigned to magistrates. Idaho Code § 1–2208 authorizes the assignment to magistrates of proceedings for the administration of estates. This section states:

> Subject to rules promulgated by the Supreme Court, the administrative judge in each judicial district or any district judge in the district designated by him may assign to magistrates, severally, or by designation of office, or by class or category of cases, or in specific instances the following matters:
>
> . . . .
>
> (2) Proceedings in the probate of wills and the administration of estates of decedents, minors, and incompetents.

Pursuant to that statute, the Idaho Supreme Court promulgated I.R.C.P. 82(c)(1)(A), which provides:

> Jurisdiction when approved by a majority of the district judges in the district may be granted all magistrates pursuant to Idaho Code, section 1–2208, as follows:
>
> (A) All of the matters and actions designated in section 1–2208, Idaho Code....

A separate part of Rule 82, subsection (c)(2)(A),[1] independently authorizes the district court to assign to attorney magistrates any civil action, regardless of subject matter, where the amount claimed does not exceed $10,000. These two provisions of Rule 82(c) create independent grounds for magistrate jurisdiction—one based upon subject matter and the other based upon the amount in

---

1. Rule 82(c)(2) provides in part:
 The jurisdiction of an attorney magistrate is the same as that of a district judge, but the cases assignable to an attorney magistrate shall be those assignable to all magistrates and the following additional cases may be assigned to attorney magistrates when approved by the

administrative district judge of a judicial district:
 (A) Civil actions regardless of the nature of the action, where the amount of damages or value of the property claimed does not exceed $10,000....

controversy. Clearly, the $10,000 value limit of subsection (c)(2)(A) does not apply to the separate conferral upon magistrates of jurisdiction for probate and estate administration proceedings under I.R.C.P. 82(c)(1)(A) and I.C. § 1–2208.

In accordance with Rule 82(c)(1)(A), and prior to the assignment of this action to the magistrate in 1985, the district court of the Sixth Judicial District, where this action was commenced, had granted to magistrates jurisdiction over all matters designated in I.C. § 1–2208. Thus, the magistrate to whom this action was transferred possessed jurisdiction to hear the action if Mr. Keeven's civil action is a proceeding, "in the probate of wills and the administration of estates" so as to fall within I.C. § 1–2208. We hold that it is.

■ The administration of an estate includes disposition of creditors' claims against the estate. See Idaho Code, title 15, ch. 3, pt. 8. Idaho Code § 15–3–104 specifies that, "After the appointment [of a personal representative] and until distribution, all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this chapter." The first three counts of Mr. Keeven's amended complaint are direct claims against the estate seeking compensation for money and services which Mr. Keeven alleges he provided to the decedent. Counts four and five seek damages from the personal representative for actions she took in her official capacity in administering the estate. In view of the nature of the claims presented, we conclude that this action does constitute a proceeding "in the administration of [an] estate" and was therefore assignable to the magistrate pursuant to I.C. § 1–2208(2) and I.R.C.P. 82(c)(1)(A).

### III.

### PROCEDURAL IRREGULARITIES REGARDING THE MOTION FOR SUMMARY JUDGMENT AND THE MOTION TO CONSOLIDATE

#### A. SUMMARY JUDGMENT MOTION

Mr. Keeven next argues that the magistrate erred in granting summary judgment to the estate and personal representative because the motion bore the wrong case number and that, as a consequence, he did not receive adequate notice of the motion and the hearing thereon as mandated by I.R.C.P. 56(c).

The summary judgment motion, filed and personally served on Mr. Keeven's counsel November 1, 1989, bore the probate case number, SP–2021, instead of the case number for this action, 38733–A. The motion was set to be heard on November 30, 1989. At this initial hearing Mr. Keeven's counsel raised objection that the court should not entertain the motion because he had not received proper notice due to the case number discrepancy. The magistrate granted Mr. Keeven's request for an enlargement of time, and the hearing was reset for December 20, 1989. During the interim the movants did not file a corrected summary judgment motion with the appropriate case number. Therefore, at the December 20 hearing, Mr. Keeven once again objected to the hearing based upon the absence of a correctly captioned motion, but the magistrate proceeded with the hearing.

■ We find no error in the magistrate's decision to conduct the hearing on December 20. Although the summary judgment motion carried an incorrect case number, it bore the case name for this action, which differs from that of the probate case. The motion also referred to a complaint filed by Mr. Keeven and a counterclaim filed by the estate against Mr. Keeven, pleadings which existed only in this action, not in the probate case. In addition, Mr. Keeven had actual knowledge that summary judgment was sought in this case no later than the initial November 30 hearing, which was postponed to December 20 at his request.

■ Strict compliance by both parties with the time limits of Rule 56(c) allows a party resisting summary judgment at least fourteen days after service of the motion within which to file a responsive brief and affidavits. Mr. Keeven had more than fourteen days within which to respond to the motion after November 30, when he unquestionably knew that the personal representative was seeking summary judgment in the

present case. Moreover, after summary judgment was granted, Mr. Keeven filed a motion pursuant to I.R.C.P. 59(e) to modify the judgment. The magistrate thereupon once again heard argument by Mr. Keeven's counsel in opposition to the summary judgment. Mr. Keeven makes no assertion that the erroneous case number misled or prejudiced him in opposing the motion. Under these circumstances, Mr. Keeven's rights were not affected by the flaw in the caption on the motion. We find the argument that the summary judgment should be reversed due to an error in the case number designation to be disingenuous and without merit.

## B. MOTION TO CONSOLIDATE

At the aborted November 30, 1989 hearing, the attorney for the estate and personal representative informed the court and counsel that he intended to request consolidation of this action with the probate proceeding. He subsequently prepared a motion for consolidation, served it by mail on December 13, and scheduled it for hearing at the same time as the summary judgment hearing on December 20, 1989. The motion was granted. Mr. Keeven now asserts the consolidation order should be vacated because he was served with the motion less than eight days before the hearing in violation of I.R.C.P. 6(d) (requiring that motions be served at least five days in advance of hearing) and 6(e)(1) (adding three days to the prescribed period when service is by mail).

■ We are unpersuaded by Mr. Keeven's argument. He had actual notice as of November 30, 1989, that the defendants would seek consolidation, and he does not describe any prejudice stemming from the service of the motion one day late. Even more importantly, Mr. Keeven makes no argument that the consolidation order was erroneous on the merits.[2]

■ This Court recognizes the importance of the civil rules concerning the time requirements for filing and service of motions. We do not condone a litigant's disregard of these time restrictions. However, the purpose of such rules is to provide sufficient notice of issues to be addressed and relief sought so that the opposing party may adequately prepare to present its position. The notice rules are not jurisdictional, *Jarman v. Hale*, 112 Idaho 270, 272, 731 P.2d 813, 815 (Ct.App.1986), and they do not provide grounds for reversal on appeal for a party who has no substantive defense to the motion and who was not prejudiced by the inadequate notice. This Court will not grant relief for what is, at most, harmless error. I.R.C.P. 61; *Ponderosa Paint Manufacturing, Inc. v. Yack*, 125 Idaho 310, 870 P.2d 663, 669–70 (Ct.App.1994).

## IV.

## UNJUST ENRICHMENT

The third count of Mr. Keeven's complaint alleged a right of recovery under a theory of unjust enrichment for the labor and cost of materials he provided in the construction of Barbara's home before their marriage. Mr. Keeven contends that there exist genuine issues of material fact making summary judgment on that claim improper.

■ The unjust enrichment doctrine, also often referred to as quasi-contract, contract implied in law, or restitution, allows recovery where the defendant has received a benefit from the plaintiff which it would be inequitable to retain without compensating the plaintiff for the value of the benefit. *Continental Forest Products, Inc. v. Chandler*, 95 Idaho 739, 743, 518 P.2d 1201, 1205 (1974); *Idaho Lumber, Inc. v. Buck*, 109 Idaho 737, 744, 710 P.2d 647, 654 (Ct.App. 1985). To recover for unjust enrichment it is not necessary that the parties intended to form a contract. A contract implied in law is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity, generally without reference to the intent or the agreement of

---

**2.** *I.R.C.P. 42(a)* permits a court to consolidate cases when "actions involving common questions of law or fact are pending."

the parties.[3] *Continental Forest Products, Inc.*, 95 Idaho at 743, 518 P.2d at 1205; *Podolan v. Idaho Legal Aid Services, Inc.*, 123 Idaho 937, 942, 854 P.2d 280, 285 (Ct. App.1993).

■ The recipient must make restitution to the party giving the benefit only to the extent that, as between the two, the benefit would be unjust for the recipient to retain. *Idaho Lumber, Inc.*, 109 Idaho at 744, 710 P.2d at 654; *Continental Forest Products, Inc.*, 95 Idaho at 743, 518 P.2d at 1205. The measure of damages is not necessarily the value of the money, labor and materials provided by the plaintiff, but the value of the benefit actually realized by the defendant which, in good conscience, it would be unfair to retain without making remuneration to the plaintiff. *Gillette v. Storm Circle Ranch*, 101 Idaho 663, 666, 619 P.2d 1116, 1119 (1980); *Continental Forest Products, Inc.*, 95 Idaho at 743, 518 P.2d at 1205; *Idaho Lumber, Inc.*, 109 Idaho at 743, 710 P.2d at 653.

■ In granting summary judgment dismissing Mr. Keeven's unjust enrichment claim, the magistrate relied upon the rule that where the party rendering the services and the party receiving the benefits are in a family relationship and living in one household, a right to compensation for unjust enrichment will not ordinarily arise; rather, the law will presume that the services were gratuitous favors prompted by affection, kindness, and the relationship between the parties. *See Shurrum v. Watts*, 80 Idaho 44, 324 P.2d 380 (1958); *Wasson v. Wasson*, 73 Idaho 359, 253 P.2d 236 (1953); *Hartley v. Bohrer*, 52 Idaho 72, 11 P.2d 616 (1932). Recovery is permitted in these circumstances only if the claimant rebuts this presumption by showing, by a preponderance of the evidence, that the services were not gratuitous. *Shurrum*, 80 Idaho at 52, 324 P.2d at 385.

■ The term "family" in this context means a "collective body of persons who form one household under one head and one domestic government, and who have reciprocal, natural, or moral duties to support and care for one another." *Hartley*, 52 Idaho at 77–78, 11 P.2d at 618. The presumption that services were rendered gratuitously applies not only to those who are related by blood, marriage or adoption, but also to persons bearing no kinship who live in the same household and sustain a family relationship toward each other. *Hartley*, 52 Idaho at 76, 11 P.2d at 617.

In this case the magistrate concluded that Mr. Keeven and the decedent were in a family relationship—although they were not yet married—during the period from 1976 to 1978 when Mr. Keeven provided the services and financial contributions for which he now seeks compensation. In his memorandum decision the magistrate stated that Mr. Keeven and the decedent were living together the year around in her rented home while her new house was being built, and that there "is no factual dispute that Mr. Keeven and the decedent were living together in a family-like relationship when the labor, services and expenditures were made ..." The magistrate then held that because Mr. Keeven had not rebutted the resulting presumption that his contributions to the construction of the decedent's home were gratuitous, summary judgment was appropriate.

■ When faced with an appeal from a summary judgment, this Court must determine whether the pleadings, depositions, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c); *Harris v. Dep't of Health & Welfare*, 123 Idaho 295, 297, 847 P.2d 1156,

---

3. Courts may allow a recipient to retain a benefit without compensation if, at the time the benefit was conferred, it was intended to be gratuitous and given without expectation of payment. *Bloomgarden v. Coyer*, 479 F.2d 201, 211–12 (D.C.Cir.1973); *Sparks v. Gustafson*, 750 P.2d 338 (Alaska 1988); *Kershaw v. Tracy Collins Bank & Trust Co.*, 561 P.2d 683 (Utah 1977); 66

AM.JUR.2d RESTITUTION AND IMPLIED CONTRACTS § 26 (1973). Therefore, although the obligation to compensate for unjust enrichment does not arise from the consent, intentions or expressions of the parties, this does not mean that the parties' intent is wholly irrelevant to a trier of facts' determination whether the enrichment is in fact unjust.

1158 (1992). The non-moving party is to be given the benefit of all favorable inferences which reasonably might be drawn from the evidence, and all doubts are to be resolved against the moving party. *Id.* at 298, 847 P.2d at 1159.

Upon reviewing the evidence that was before the magistrate, we conclude that a factual issue was framed—which may not be resolved on summary judgment—regarding the existence of a family relationship between Mr. Keeven and the decedent when the construction work was done. The personal representative did present evidence through her own affidavit that Mr. Keeven and Barbara had begun living together full-time by 1976. However, Mr. Keeven submitted his own affidavit stating, "At no time did I live with Barbara in her rented house either before or during the construction of the home into which I put my labors and monies." He acknowledged staying with Barbara only occasionally when weather prevented his return to his own ranch. These, as well as other statements in Mr. Keeven's affidavit and deposition, create a factual issue as to whether there existed a "family relationship" between himself and the decedent.

The estate argues that Mr. Keeven's affidavit contradicts his deposition testimony and therefore should be deemed insufficient to prevent summary judgment. Although a sham affidavit which directly contradicts prior testimony may be disregarded on a summary judgment motion, *Tolmie Farms, Inc. v. J.R. Simplot Co.,* 124 Idaho 607, 610, 862 P.2d 299, 302 (1993), we cannot apply that rule on the record before us. Mr. Keeven's deposition responses to questions regarding when he and the decedent began living together are vague and evasive, but because they are vague and express uncertainty, they are not directly contradicted by statements in his later affidavit. Therefore, we are constrained to hold that the affidavit cannot properly be disregarded in determining whether issues of fact exist. *Id.*

Accordingly, we hold that the magistrate erred in granting summary judgment in favor of the estate on count three of Mr. Keeven's amended complaint alleging a right of recovery for unjust enrichment in the amount of $22,000 for labor and materials used in building the decedent's house and garage. Mr. Keeven asserts no error in the dismissal of the remaining causes of action of his amended complaint or in granting summary judgment on one count of the estate's counterclaim. Therefore, the summary judgment as to those claims is affirmed.

## V.

## ATTORNEY FEES

Because we are reversing in part the grant of summary judgment, we must also vacate the trial court's award of attorney fees to the estate under I.R.C.P. 56(e)(1) and I.C. § 12–121. For guidance on remand, should a claim for attorney fees again arise, we offer the following comments.

We note that one source of authority cited by the trial court for the award of fees was erroneous. In addition to invoking its authority conferred by I.C. § 12–121 and I.R.C.P. 54(e) the court also observed that it had "inherent power to grant an award of attorney fees whenever overriding considerations in the interest of justice indicate a need for such recovery," *citing Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) and *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). This assertion of a general inherent authority to award fees was incorrect. Idaho law does not recognize such an equitable power to grant attorney fees. Rather, our law adheres to the "American Rule" which generally permits an attorney fee award only when authorized by contract or statute. *Fournier v. Fournier,* 125 Idaho 789, 791, 874 P.2d 600, 602 (Ct.App.1994). Therefore, if attorney fees are again requested on remand, the magistrate should not rely upon inherent power to make such an award.

We otherwise imply no disapproval of the magistrate's findings which underlie the award of fees with respect to those causes of action upon which judgment is affirmed herein. The ultimate disposition of the unjust enrichment claim on remand may be considered along with the reasons for the dismissal of the other four counts of Mr. Keeven's

complaint and the grant of relief on the counterclaim in determining which party, if either, has prevailed. I.R.C.P. 54(d)(1)(B); *Holmes v. Holmes,* 125 Idaho 784, 874 P.2d 595, 599 (Ct.App.1994).

## VI.

### CONCLUSION

In conclusion, we find no error in the district court's assignment of this action to the magistrate. We affirm the magistrate's order consolidating this action with the probate proceeding. The summary judgment is vacated as to Mr. Keeven's cause of action for unjust enrichment and is affirmed on all other counts of the complaint. The award of attorney fees is vacated. This case is remanded to the magistrate for proceedings consistent with this opinion. Because both parties have prevailed in part, no costs or attorney fees are awarded on appeal.

WALTERS, C.J., concurs.

PERRY, Judge, concurring in part and dissenting in part.

I concur with the majority opinion in sections I, II and III. However, I respectfully dissent from the majority's reversal of the summary judgment granted on Keeven's unjust enrichment claim in section IV. I would affirm the magistrate's order including the award of costs and fees. However, I agree with the majority in section V that the magistrate should not rely upon the court's inherent power as one basis for the award of those fees.

I agree with the district court that the record in this matter is sufficient to support the actions of the magistrate. "Vague" and "evasive" answers in a deposition, followed by a carefully drafted affidavit, do not, in my opinion, manufacture the genuine issue of material fact that Keeven hoped they would.

My review of the record leads me to the conclusion that the rule set forth in *Tolmie Farms, Inc. v. J.R. Simplot Co.,* 124 Idaho 607, 862 P.2d 299 (1993), should be applied in this case. Therefore, I dissent from the

majority's reversal in that regard and would affirm the magistrate's order in its entirety.